NOBLE v. THE DES MOINES & ST. LOUIS R'Y Co.

1. **Practice in Supreme Court:** ABSTRACT: TITLE OF. Where the paper relied upon by appellant as an abstract is in fact such, it will not be disregarded, simply because it is not entitled as an abstract, and contains no averment that it is an abstract.

2. **Railroads:** CONDEMNATION OF RIGHT OF WAY: APPEAL: VERDICT. Where the damages for right of way over the plaintiff's land were assessed by a sheriff's jury, May 30, 1881, at $1,500, from which award the defendant appealed, but paid the amount to the sheriff and took possession of the right of way, and on the trial of the appeal the jury assessed plaintiff's damages at $1,300, with interest at 6 per cent from May 30, 1881, *held* that this was equivalent to a general verdict for $1,300 with the interest added, and a special verdict that the damages sustained at the time the land was taken were $1,300; and that the court properly computed the interest and made an entry of damages for the whole amount. Section 1259 of the Code does not limit the jury on appeal to the determination of the original injury at the the time of the taking of the land.

3. ———: ———: ———: COSTS. On an appeal from proceedings condemning right of way for a railroad, where the damages allowed are less than the damages awarded by the commissioners, the costs of the appeal should not all be taxed to the railway company; (Code, § 1252;) and in this case, where the claim of neither party was fully sustained, the costs should have been apportioned. ·

*Appeal from Lucas District Court.*

TUESDAY, OCTOBER 16.

THE questions involved in this case grow out of proceedings instituted for the condemnation of a right of way for the

defendant through the plaintiff's land. The amount assessed by the sheriff's jury was $1,500. From the assessment the defendant appealed. A trial was had, and the jury rendered a verdict in these words: "We the jury assess the plaintiff's damages at $1,300, with interest at six per cent from May 30, 1881." The court computed the interest at six per cent, and caused an entry to be made, against the objections and resistance of the defendant, to the effect that the damages ascertained were $1,414.83, and rendered judgment against the defendant for costs. The defendant appeals.

*Perry & Townsend* and *Stuart Bros.*, for appellant.

*Daniel Anderson* and *D. P. Stubbs*, for appellee.

ADAMS, J.—I. The paper relied upon by the appellant, as an abstract in this case is not expressly called an abstract,

**1. PRACTICE in supreme court: abstract: title of.** nor does it contain any averment that it is such. The appellee insists that we cannot regard it as an abstract.

In our opinion the appellee's position cannot be sustained. The custom is, to be sure, to cause the word *abstract* to be printed upon the first page, as a mode of designating the paper, and this custom is to be commended. But, in the absence of such word, the character of the paper can be discovered by a slight examination, and we should not be justified in rejecting it for such defect. As to the want of an averment that it is an abstract, we have to say that we think that that is wholly unnecessary. If any question were raised as to whether it contains an abstract of all the evidence, it would be necessary that it should contain some averment to the effect that it does. But, in the absence of such averment, it might properly enough be an abstract, and raise all the questions designed to be raised,

II. The appellant insists that the amount of the damages

ascertained was only $1,300, and that the court erred in not causing an entry to be made to that effect. The intention of the jury is very clear. The award of the sheriff's jury was dated May 30, 1881. The jury in the court evidently found that the damages sustained by the plaintiff at that date were $1,300, and that the damages now sustained by reason of taking the land at that date, and withholding payment, amount to what is equivalent to that sum with interest added. It was not necessary that they should make the computation, nor is it so claimed. *McGregor v. Armill*, 2 Iowa, 30. We regard the case the same as if there had been a general verdict for $1,414.83, with a special verdict that the damages sustained at the time the land was taken were $1,300. If such had been the verdicts we think that there would have been no inconsistency between them.

*2. RAIL-ROADS: condemnation of right of way: appeal: verdict.*

It should be stated that an appeal was taken immediately by the defendant from the award of the sheriff's jury, and the amount of their award, to-wit, $1,500, was deposited with the sheriff. The making of this deposit is regarded by both parties as affecting the question of interest, but as to what the effect is they differ. The defendant insists that it is inequitable that it should lie out of the use of $1,500, and pay interest on $1,300 of it besides.

But the defendant was not obliged to make the deposit. It could have taken its appeal without. Its object must have been to acquire an immediate right of possession. This it did acquire by making the deposit. But the plaintiff was not benefited by it. He could not draw the money from the sheriff's hands, nor any part of it. He was prevented by the appeal. In the meantime, he was suffering the injury day by day.

The defendant insists that this was in part the result of the plaintiff's own wrong; and it is true that we must suppose that the plaintiff was demanding more than he was entitled to. But it is equally true that we must suppose that the defend-

ant was not willing to pay as much as the plaintiff was entitled to. If the defendant, upon taking the appeal, had offered $1,300, the case might be different. But the plaintiff, while deprived of his land, was obliged to lie out of the use of all money awarded, and follow the appeal in order to get anything.

We are aware that the defendant suffers some hardship. But this does not, in the absence of any tender, result from anything which we can call a fault of the plaintiff. It is a mere misfortune resulting from the excessive award of the sheriff's jury.

It appears to us that the plaintiff's damage, estimated at the time of the verdict, had two elements in it—the injury sustained originally, and the delay in making compensation; and the latter is to be measured by the amount of interest which the original sum due would have borne during the time of delay. Perhaps, strictly speaking, there was nothing due the plaintiff as *interest*. But the verdict is not vitiated by the use of that word It is important only as determining the amount for which the verdict was rendered.

We ought, perhaps, in this connection, to notice a position taken by the defendant, based upon a construction of the language of the statute. Section 1259 of the Code provides that, "if the amount of damages awarded by the commissioners is decreased on the trial of the appeal, the amount assessed on the trial of such appeal only shall be paid to the land owners." The defendant's theory is that, under this statute, damages are to be measured only by the original injury, and that nothing is to be allowed for delay in making compensation. But in our opinion the statute has no bearing upon such question. The verdict properly should be for a gross sum, and whatever that is should be paid out of the deposit, and only that.

III. We come next to the question of costs. They were all taxed to the defendant, and it complains of the action of

3. —: ——. the court in this respect. The costs of the first —: costs. assessment are to be paid by the company. Code,

§ 1252. The same section provides that . the company shall also pay the costs of the appeal, unless the damages allowed on appeal are less than the damages first allowed. In the case at bar they are less. Under the clear implication of the statute, it appears to us that they are not all to be. paid by the company.

If either party had made an offer, such fact might control the question of costs. But it does not appear that either party made an offer. We must assume, then, we think, that the claims of neither were fully sustained, and, such being the case, we regard it as a proper one for the apportionment of costs. *Jones v. Mahaska County Coal Co.*, 47 Iowa, 35.

The costs were $221.97. They seem to us to be large, but who was in fault, if any one, we have no means of determining. The court below, we think, should make. the apportionment.

It is objected by the plaintiff that the court below was not asked to make an apportionment. We only know that the court taxed all the costs to the defendant against its objection. We do not think that the court could properly do this, even though no formal motion was made for an apportionment. We think that the case must be remanded for a retaxation of costs, and that the plaintiff must pay the costs of this appeal.

REVERSED.