**STATE of Alaska, Appellant,**

v.

**1.163 ACRES, MORE OR LESS, CHUCKWM, INC., Appellee.**

**No. 935.**

Supreme Court of Alaska.

Oct. 23, 1968.

Dorothy Awes Haaland, Richard P. Kerns, Asst. Atty. Gen., Anchorage, for appellant.

Peter J. Kalamarides, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Appellant commenced condemnation proceedings against the land here involved. A master's hearing on value was held and the notice of the filing of the master's report was mailed to the parties on September 5, 1967. Civil Rule 72(h) (4) provides, with respect to appellant, that an appeal from the master's report must be taken within ten days after the filing of such report.[1] Appellant took no action with respect to the master's report until approximately 36 days after it had been mailed, when on October 12, 1967, it filed a motion for an order enlarging the time to file a notice of appeal and for leave to file a notice of appeal on

---

1. Civ.R. 72(h) (4) states:

. A party who has appeared or answered before the filing of a master's report may appeal within ten (10) days after being served with notice of the filing of the master's report. Any other interested person desiring to appeal from a master's report must take his appeal within ten (10) days after the filing of such report.

the grounds of excusable neglect. Appellant contended in the trial court that the ten day-appeal period provided in Civil Rule 72 (h) (4) was subject to enlargement under Civil Rule 6(b) [2] and that it should be relieved of the effect of its failure to timely file notice of appeal by Civil Rule 60(b).[3] Appellant's motions were denied by the trial court.

Appellant's first point on appeal requires this court's interpretation of Civil Rule 72(a) which states:

(a) *Applicability of Other Rules.* The procedure for the condemnation of property under the power of eminent domain shall be governed by these rules, except as otherwise provided in this rule.

In denying appellant's motions the trial court construed the above quoted rule as precluding the application of any of the other civil rules to grant an enlargement of time within which to appeal. That court reasoned that since Civil Rule 72(h) (4) [4] required that appellant take its appeal within ten days after the filing of the master's report and since there was nowhere in Civil Rule 72 a provision allowing an enlargement of the time, that the language "except as otherwise provided in this rule" precluded any flexibility in that respect.

Appellant argues that the phrase "these rules" in Civil Rule 72(a) refers to all of the other rules of the Alaska Rules of Civil Procedure and that that rule means that the Alaska Rules of Civil Procedure shall apply to eminent domain proceedings

except where specific provision to the contrary is made in Civil Rule 72(a). Under this interpretation the trial court would have been free to apply Civil Rules 6(b) and 60(b),[5] if otherwise applicable, because nowhere in Civil Rule 72 was there a specific provision contrary to either the granting of an enlargement of time within which to appeal or to the granting of relief from the effect of an oppressive proceeding because of excusable neglect.

■ Appellant's construction of Civil Rule 72 is correct. The phrase "these rules" refers to all of the other rules of the Alaska Rules of Court Procedure and Administration. The phrase "except as otherwise provided in this rule" means that Civil Rule 72 shall govern eminent domain proceedings. Where a specific procedure is not provided by Civil Rule 72, then any of the other rules of practice and procedure are available, to the extent that they may be applicable. The fact that Civil Rule 72 (h) (4) requires that appellant "must take his appeal" within ten days after the filing of the master's report does not mean that appellant was irrevocably foreclosed from appealing after it had failed to do so within that period of time. Civil Rule 72 does not so provide. The wording of the time requirement of Civil Rule 72(h) (4) no more prohibits the application of Civil Rules 6 (b) and 60(b) to grant an enlargement of time or relief from excusable neglect for cause than do the time requirements of any of the rules, or of any court order. The

2. Civ.R. 6(b) states:

When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under

rules 25, 50(b), 52(b), 59(b), and (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

3. Appellant relies on that portion of Civ. R. 60(b) which states:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, *or proceeding* for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect; (emphasis supplied).

4. Quoted supra note 1.

5. Quoted supra notes 2 and 3.

specific wording of Civil Rule 6(b) so provides.[6]

For the foregoing reasons we hold that the trial court was in error in holding that Civil Rule 72(h) (4) precluded the consideration of Civil Rule 6(b).

Appellant's second point is that the trial court erred in holding that a sufficient showing of excusable neglect had not been made.

The undisputed facts appear to be that at the conclusion of the master's hearing, the master advised the parties that he would file his report within 20 days, which he did on August 29, 1967. On September 5, 1967, notice of the filing of the master's report was mailed. Two copies were mailed to counsel for appellant; one addressed to the Attorney General in Juneau and one to the office of the assistant attorney general handling the case in Anchorage. In spite of established office routine to the contrary, the copy addressed to the assistant attorney general in Anchorage was placed in the case file without coming to the attention of counsel. The record does not disclose what happened to the copy mailed to the Attorney General in Juneau. Counsel for appellee telephoned the office of counsel for appellant on September 6, 1967, and again on September 12, 1967. On each occasion a call-back message was left with a secretary advising that notice of the filing of the master's report had been received and requesting information as to whether the state intended to appeal. No response was received to either of these messages. On October 10, 1967, counsel for appellee succeeded in contacting counsel for appellant by telephone, during which conversation counsel for appellant is reported to

have stated that he had "overlooked receiving the master's report." Counsel for appellant denied that he had any knowledge of the fact that the report had been made prior to his conversation with counsel for appellee on October 10, 1967.

The basis of appellant's argument is that the failure of counsel handling the litigation to receive actual notice that the master's report had been filed, due to a breakdown in established office routine, amounted to excusable neglect.

In Alaska Truck Transport, Inc. v. Inter-Alaska Credit Service, Inc., 397 P.2d 619, 620 (Alaska 1964) this court held that relief from a judgment is addressed to the sound discretion of the trial court and that that court's ruling would not be disturbed absent a showing of abuse of discretion.[7] The same principle applies with respect to appellant's motions for an enlargement of time and for relief from an oppressive proceeding.

In our opinion the facts before the trial court warranted denial of relief on the ground of excusable neglect. Appellant made an extensive showing in support of its request for relief on this ground and the court ruled in the following language:

I'm of the opinion that no excusable neglect has been shown in any case. This is something where somebody just goofed. There isn't any excuse shown for it at all; the best that they can come up with was that their usual procedures weren't followed. Now, as Mr. Kalamarides points out in his memorandum; at the time the Master completed the hearing here he said he would file his report within a certain particular period of time; and that he did file the report in about that time.

* * *". (emphasis supplied). See City of Fairbanks v. Electric Distribution System, 413 P.2d 165, 166 (Alaska 1966) where this court held that nothing in Civil Rule 72(c) (2) precluded the applicability of Civil Rule 19 governing the joinder of indispensable parties.

---

6. For example, the following time requirements in Civ.R. 12(a) are regularly construed to be subject to enlargement under Civ.R. 6(b) upon motion and for cause: "The plaintiff *shall* serve his reply to a counterclaim in the answer within 20 days * * *"; "a defendant *shall* serve his answer within 20 days * * *"; "The state * * * *shall* serve an answer to the complaint * * * within 40 days

7. Parks v. Brown, 368 P.2d 220, 222 (Alaska 1962).

We find no error on this point.

■ Appellant's last point is that denial of an appeal and a trial de novo before a jury under the provisions of Civil Rule 72 amounts to an injustice.

In support of this point appellant argues that the master's award was $69,882.89 above the state's appraisal and that the only method by which the report could be questioned was by appeal. Appellant contends that the right of the taxpayers to have the matter of just compensation tried before a jury should not be lost merely because of a breakdown in office procedure.

The disparity in values does not support an inference that the master's calculations were erroneous. Nor does the fact that appellant was also advised by competent appraisers create an inference that appellant's estimate of value is more likely to be correct than the master's.

The judgment below is affirmed.