**CITY OF ANCHORAGE, a municipal corporation, Cross-Appellant,**

**v.**

**Irma R. SCAVENIUS, Cross-Appellee.**

**CITY OF ANCHORAGE, a municipal corporation, Appellant,**

**v.**

**PARK LANES, INC., et al., Appellees.**

**Nos. 2214, 2222.**

Supreme Court of Alaska.

Aug. 21, 1975.

---

David G. Shaftel, Asst. City Atty., John R. Spencer, City Atty., Anchorage, for cross-appellant and appellant.

Helen L. Simpson, Anchorage, for cross-appellee.

Michael M. Holmes, Juneau, and Leroy J. Barker, Anchorage, for amici curiae.

No appearance for appellee Park Lanes, Inc.

Before RABINOWITZ, C. J., CONNOR and BOOCHEVER, JJ., and DIMOND, Justice Pro Tem.

BOOCHEVER, Justice.

This appeal presents issues as to the award of costs and attorney's fees to the condemning authority in eminent domain cases.[1] In the *Scavenius* case, the City brought an action to condemn easements for the construction, use and maintenance of a sanitary sewer line. A master's hearing resulted in an award of $516.00 from which the property owner appealed pursuant to Alaska R.Civ.P. 72(h)(5). Subse-

---

1. The matter was ably briefed and argued by counsel for the City of Anchorage, but the condemnees filed no responding briefs. Due to the importance of the issues transcending the interests of the particular litigants, we ordered that an answering amicus curiae brief be prepared by private Alaska counsel. The City has filed a reply brief.

quently, the City served on the property owner an offer of judgment for $581.47 in accordance with Alaska R.Civ.P. 68.[2] The offer of judgment was not accepted, and, eventually, the jury returned a verdict awarding no compensation. The City applied for an award of costs and attorney's fees which was denied by the trial judge. The property owner appealed from the judgment's failure to award compensation,[3] and the City cross-appealed from the denial of its motion for attorney's fees and its application for a bill of costs.

In the *Park Lanes, Inc.* case, the City of Anchorage filed an action to condemn permanent seven-foot-wide utility easements and temporary thirty-foot-wide construction easements for the placement of a water transmission main on three parcels of property owned by Park Lanes, Inc., John Peterkin and Gladys R. Peterkin. In addition to contesting the amount to be awarded as just compensation for the property taken, the property owners contended that pavement on part of their property not within the area condemned was damaged by the manner in which the water main was installed. [R. 158–60, 162–63, 167–71]

As a result of a master's hearing, the property owners were awarded a total of $2,915.21, without any sum being allowed for pavement damage. The property owner appealed, and the jury returned a verdict for a lesser amount totalling $1,726.56,

which, incidentally, was the exact amount contended by the City to be fair compensation. Again, no sum was allowed for the pavement damage claim.

As in the *Scavenius* case, the trial court denied the City's motion for an award of attorney's fees and allowance of a bill of costs, and the City has appealed.

We are thus confronted with three basic issues:

1. Is a condemnor entitled to an award of costs and attorney's fees when the property owner has unsuccessfully appealed a master's award?

2. Does Rule 68 pertaining to offers of judgment apply to an eminent domain case so as to justify an award of costs and attorney's fees to the City?

3. Is the City entitled to an award of costs and attorney's fees for the successful defense of the *Park Lanes, Inc.* claim pertaining to pavement damage?

I

THE RIGHT OF A CONDEMNOR TO ATTORNEY'S FEES IN AN APPEAL FROM A MASTER'S AWARD

On October 9, 1959, the newly-appointed Alaska Supreme Court ordered the adoption of Rules of Civil Procedure. Included

2. Alaska R.Civ.P. 68 specifies:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the

making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

3. The owner's appeal has been made the subject of a separate opinion in the case of *Scavenius v. City of Anchorage*, 539 P.2d 1161 (Alaska 1975).

in those rules was Rule 72 dealing specifically with eminent domain.[4] Section (a) specifies:

(a) The procedure for the condemnation of property under the power of eminent domain shall be governed by these rules, except as otherwise provided in this rule.

The phrase "these rules" has been construed to refer to all the other rules of the Alaska Rules of Court Procedure and Administration. The phrase "except as otherwise provided in this rule" means that

. . . Civil Rule 72 shall govern eminent domain proceedings. Where a specific procedure is not provided by Civil Rule 72, then any of the other rules of practice and procedure are available, to the extent that they may be applicable.[5]

Section (k) of Rule 72 provides that costs and attorney's fees incurred by the defendant (the property owner) shall not be assessed against the plaintiff (the condemnor) unless:

(1) the taking of the property is denied, or

(2) the award of the court was at least ten (10) percent larger than the amount deposited by the condemning authority or the allowance of the master from which an appeal was taken, or

(3) the action was dismissed under the provisions of subdivision (i) of this rule, or

(4) allowance of costs and attorney's fees appears necessary to achieve a just and adequate compensation of the owner.

Attorney's fees allowed under this subdivision shall be commensurate with the time committed by the attorney to the case throughout the entire proceedings. The section thus allows the award of costs and attorney's fees to the property owner subject to certain exceptions. It makes no provision for such an award to the condemnor.

▮ It is the City's position first, that the general civil rules providing for an award of costs and attorney's fees to the prevailing party apply when the condemnor is successful in its defense of an appeal from a master's award. It argues that since no provision is made in Rule 72 for such an award to the condemnor, the procedure is covered by Civil Rule 54(d)[6] as to costs and Civil Rule 82[7] as to attorney's fees. Alternatively, the City contends that Civil Rule 72(k), by negative implication, authorizes an award of costs and attorney's fees to the condemnor when the condemnee on appealing a master's award is unsuccessful in securing an increase of at least 10 percent.

4. The provisions of subsection 72(k) of the rule, with which we are here principally concerned, were substantially amended in 1968.

5. *State v. 1,163 Acres, More or Less, Chuckwm, Inc.,* 449 P.2d 776, 778 (Alaska 1968), quoted in *Stewart & Grindle, Inc. v. State,* on petition for rehearing, 524 P.2d 1242, 1251 (Alaska 1974).

6. Alaska R.Civ.P. 54(d) specifies:
(d) Except when express provision therefor is made either in a statute of the state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. The procedure for the taxing of costs by the clerk and review of his action by the court shall be governed by Rule 79.

7. Alaska R.Civ.P. 82 states in part:
(a) *Allowance to Prevailing Party as Costs.*
(1) Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:
\* \* \* \* \*
Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.
(2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

It is contended that public policy favors an approach whereby initially the property owner receives a free determination of just compensation, but that upon appeals, costs and attorney's fees are assessed in favor of the prevailing party.

In *Stewart & Grindle, Inc. v. State*,[8] we were confronted with an analogous problem. We, there, reversed a lower court's order denying an award of attorney's fees and appraiser's fees to a property owner— not a condemnor. We discussed the costs provision of Rule 72 as it could be invoked against the sovereign. The owners argued that, since the final settlement (after commencement of a master's hearing in one case and the master's award in the other) exceeded the state's initial offer by 10 percent, attorney's fees were proper under subsection (k)(2). Subsection (k)(2) specifies, however, that the court's award must exceed by 10 percent the amount deposited by the condemning party. Since the state had made no deposit, the amount awarded could not be 10 percent larger then the amount deposited. In rejecting this contention of the owners, we stated:

> Just as they have refused to assess interest against the state, courts have also traditionally declined to tax litigation expenses and attorney's fees against the sovereign in the absence of express statutory authority. Civil Rule 72(k)(2) specifies the conditions under which costs and attorney's fees are to be awarded; where these conditions remain unfulfilled the common law rule continues to govern.[9]

We thus held that we could not infer a right in the property owner to be awarded costs and attorney's fees in the absence of a specific provision in Rule 72(k).

In the *Stewart & Grindle* case, the property owner's proposed reliance on the general civil rules was considered "misplaced", but it was rendered uncontrolling because subsection (k)(4) of Rule 72, which autho-

rized an award of costs and attorney's fees when necessary to achieve a just and adequate compensation of the owner, specifically was found to entitle the owners to the award. We noted (on petition for rehearing):

> The portion of the opinion in question concerned the award of attorney's fees in condemnation cases. Since Rule 72(k)(2) specifically provides for the circumstances under which such fees are to be awarded, the result of the opinion remains the same.[10]

The City argues that the decision in *Stewart & Grindle* should be restricted to mean only that Rule 72(k)(1)–(4) provides for awards to property owners and, therefore, reference to the general civil rules is precluded only with respect to awards to such owners. However, the interpretation of the rule posited by the City, albeit plausible, is too literal. A more persuasive interpretation consistent with the language of the rule and with this court's discussion of that rule in *Stewart & Grindle* is also available. That construction would view subsection (k) to be totally exclusive in regard to the allocation of costs and attorney's fees in a condemnation proceeding. The "except as otherwise provided in this rule" language of subsection (a) would be directly applicable. Rule 72 *does provide* for costs and attorney's fees to be awarded only to the property owner in a condemnation proceeding and only under certain narrowly-defined circumstances. Therefore, far from construing the silence as a license to invoke the general provisions regarding costs and attorney's fees, subsection (a) expressly prohibits allusion to the other civil rules when a specific eminent domain procedural rule is prescribed.

Our opinion in *Stewart & Grindle v. State* interpreted Civil Rule 72(k) strictly and exclusively. When the conditions specified were not expressly met, costs could not be assessed against the condemn-

---

8. 524 P.2d 1242 (Alaska 1974).

9. *Id.* at 1249 (footnotes omitted).

10. *Id.* at 1251.

or. Likewise, it would seem that since Rule 72(k) fails to specify any conditions which would warrant imposition of costs against the property owner, the trial court did not err in refusing to authorize such an award.

■ Moreover, additional problems are presented by the contention that the general civil rule provisions of Rule 82 should apply. Rule 72(k) denies attorney's fees to the owner if his initial master's award does not exceed by 10 percent the amount deposited by the condemning authority. The City recognizes that the award of costs and attorney's fees to the condemning authority at the initial determination of compensation would be open to constitutional attack. Sec. 18 of art. I of the Alaska Constitution, like the fifth amendment to the United States Constitution, prohibits the taking of private property without just compensation. In *Stewart & Grindle,* we held that these constitutional provisions

. . . [E]ntitle the property owner to be made whole for expenses necessarily incurred in connection with the condemnation of his property. Without such a rule, the State forces a property owner to pay a greater portion of the costs of a public project than any other taxpayer must pay by afflicting him with the una-

voidable expenses of condemnation. Placing such a burden on the property owner is no more just than assessing a levy against him but no others.[11]

■ With reference to the City's argument that we may negatively infer the right to costs and fees in situations where Rule 72(k) prohibits an award to the property owner, the City recognizes that reading such a negative implication with respect to subsections (k)(1) and (k)(3) would lead to ridiculous results. They thus would have us pick out one subsection, (2) of Rule 72(k), for application of the negative inference while admitting that no such inference may be made as to subsections (1) and (3). But singling out one subsection for a construction not to be given other subsections is contrary to the general rule whereby "each part or section should be construed with every other part or section so as to produce a harmonious whole. Thus it is not proper to confine interpretation to the new section to be construed".[12] It may well be that in certain situations, a clear legislative intent will be apparent requiring a specific interpretation of one section at variance with others. We do not find that this case presents a sufficient justification for reading an inference in one subsection, obviously not applicable to the others.[13]

11. *Id.* at 1250 (footnote omitted).

12. 2 J. Sutherland, Statutes and Statutory Construction, § 4703, at 336–37 (3rd ed. Horack 1943) (footnotes omitted).

13. The City cites three cases for support of its position that when a statute provides that the condemnor not be assessed costs of an appeal unless the condemnee secures an increased award, there is an inference under which the condemnor may be awarded costs when the appraisal results in a lower compensation. The case of *Kennedy v. Dept. of Roads & Irrigation,* 150 Neb. 727, 35 N.W. 2d 781 (1949), is in point, but the two Iowa cases cited are of little assistance to the City. In *Noble v. Des Moines & St. L. R. Co.,* 61 Iowa 637, 17 N.W. 26 (1883), the jury's verdict reduced the owners' original compensation award. The applicable statute provided that the condemnor pay the costs of appeal "unless the damages allowed on appeal

are less than the damages first allowed". The court held that since the owner had received less on appeal, the costs were not "*all* to be paid*" by the condemnor. 17 N.W. at 28. The court concluded that the costs were to be apportioned between the parties, essentially the same result as reached in the cases before us, where each party must bear its own costs. *Strange Bros. Hide Co. v. Iowa State Highway Comm.,* 250 Iowa 450, 93 N.W.2d 99 (1958), similarly construed the revised Iowa statute.

Amicus curiae in their brief refer the court to *In re Improvement of Third Street,* 179 Minn. 258, 228 N.W. 925 (1930), and other cases cited in Annot., 50 A.L.R.2d 1386, 1414 (1956) for the general rule that where statutes governing eminent domain proceedings make no provision for costs under the circumstances presented, the court is without power to allow or impose costs.

To place the property owner in the position of having to risk payment of often substantial expenses incurred by the condemning authority for expert witnesses, other costs and attorney's fees, as well as his own expenses in order to secure even an initial adjudication of the amount to which he is entitled, would so chill the right to secure just compensation as to nullify the effectiveness of the constitutional provisions. Faced with the choice of incurring such expenses, many property owners would feel compelled to give up their right to seek adjudication of the amount of compensation to which they would be entitled and would accept any amount tendered by the condemnor.

Recognizing that this effect that would follow either from permitting Rule 54(d) and 82 to allow the award of costs and attorney's fees to the prevailing party or holding that such costs and attorney's fees are allowable by implication from Rule 72(k), the City would have us provide for "an initial 'free' determination of just compensation in the form of a 'master's' type of hearing". But none of the rules to which the City refers [Civil Rules 54(d), 82 and 72(k)] made any such distinction. So, in effect, we are being asked to engraft a provision on the rules in order to provide costs and fees to the City in appeals from master's awards.

Another important argument favoring the owners in these cases is based upon the general rules of statutory construction and the specific constitutional limitation discussed above. The concluding sentence of Civil Rule 72(k) states:

> Attorney's fees allowed under this subdivision shall be commensurate with the time committed by the attorney to the case *throughout the entire proceedings.* (emphasis added)

As noted above, any rule which purports to shift the costs of the initial determination of the compensation award upon the owner would be unconstitutional. The quoted language expressly states that, when attorney's fees are awarded under the rule, they are determined based upon the counsel's time spent during the course of the entire proceeding including the master's hearing. The term "attorney's fees", therefore, must be meant to have reference only to those allowed an owner. Any other reading would be constitutionally infirm. Since "attorney's fees" as it is used in the rule is meant to apply only to an owner's legal fees, it is likewise logical to assume that the term "costs" is used only to refer to an owner's costs since in Alaska, attorney's fees is merely a subcategory of the costs of a civil action.

But this is not the only problem inherent in the City's argument. Civil Rules 54(d) and 82 [14] provide for the award of costs and attorney's fees to the "prevailing party". In cases other than eminent domain, a prevailing party is the one prevailing on the main issue, in whose favor the decision or verdict is rendered and the judgment entered.[15] Given the special status of the condemnee,[16] it would indeed be anomalous

---

We find neither line of authority cited to us of controlling persuasiveness, but rest our decision on the rationale flowing from the particular provisions of the Alaska Rules of Civil Procedure and our prior decisions pertaining to them.

14. Amicus curiae suggest that in the *Park Lanes, Inc.* case, the property owner rather than the condemnor should have been entitled to the award of costs and attorney's fees as the jury award, although less than that of the master, exceeded the amount originally deposited by more than 10 percent. We do not construe in that manner Rule 72(k)(2)'s provision that the award be at least

10 percent larger "than the amount deposited by the condemning authority or the allowance of the master from which an appeal was taken". If an appeal is taken from the master's award, the owner must receive at least 10 percent more than the amount awarded by the master in order to be entitled to costs and fees.

15. *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964).

16. 4A Nichols, The Law of Eminent Domain, § 14.249, at 14–351 (Rev. 3rd ed. Sackman (1974). *Accord, Stewart & Grindle, Inc. v. State*, 524 P.2d 1242 (Alaska 1974).

to single him out so as to require a more stringent test for him to become a prevailing party.[17] Yet under Rule 72(k), he must not only prevail but must secure an increase of more than 10 percent of the amount deposited or previously awarded. Such a requirement can only be equitable because of the concomitant advantage of not making the condemnee subject to costs and fees in the event of being unsuccessful.

In promulgating Rule 72(k) in its present form, the then members of the Alaska Supreme Court gave consideration to deterrence of unwarranted litigation. Such a consideration obviously fostered the requirement that the owner secure an increase over the amount deposited or previously awarded by 10 percent to be entitled to costs and attorney's fees. Thus, he and his attorney must calculate whether his claim warrants the out-of-pocket expenses which must be incurred as well as the time and effort which must be devoted to the particular proceeding. These considerations should result in preventing most frivolous appeals. We have not been presented with any statistical information as to whether most masters' hearings and jury appeals fail to result in increases from the amounts deposited or initially awarded. If the present rule is not suitably effective, consideration can be given to amending it, particularly with reference to frivolous appeals. In the absence of such amendment, however, we are not justified in awarding costs and attorney's fees in situations not specified in Rule 72(k).[18]

## II
## THE OFFER OF JUDGMENT

■ After the master's report ($516.00) had been filed and the pleadings amended, the City of Anchorage submitted an offer of judgment for $581.47 to Mrs. Scavenius which she did not accept. The City argues that, since the offer was submitted in accordance with Civil Rule 68 [19] and since the judgment finally obtained was less favorable than the offer, it is entitled to costs incurred after the making of the offer of judgment.

Much of what we have said in the previous section of this opinion applies to the applicability of Civil Rule 68. By Rule 72(k), provision has been made for the allowance of costs and attorney's fees in condemnation cases. Therefore, under Rule 72(a),[20] provisions in the other civil rules pertaining to costs and attorney's fees including Rule 68 would be inapplicable.

The City itself recognizes that Rule 68 could not constitutionally be applied to the initial proceeding before the master. Otherwise, allowing the condemnor to make an offer of judgment at that stage could serve to prevent the property owner from risking even an initial adjudication of the amount of just compensation to which he is entitled because of fear of imposition of substantial costs and attorney's fees. Thus, it is clear that Rule 68 cannot apply in all cases.

Moreover, in other circumstances, Rule 68 would be in conflict with Rule 72(k).

---

The owner of land taken by eminent domain stands in a far different position from a defendant in an ordinary suit. The latter has ordinarily brought the trouble upon himself, if he is liable at all, by breaking a contract or committing a tort, and it is only just that he should pay the costs of the legal proceedings. Condemnation proceedings, on the other hand, are brought against a man because he happens to own available land.

17. The result would be even more incongruous if we were to adopt the City's contention that the condemnor prevails, even though the

award is increased to any sum less than the 10 percent figure.

18. In view of our construction of Rule 72(k), we do not reach the issue of whether under the Alaska Constitution, imposition of costs of a jury appeal on the condemnee would violate his right to just compensation. *See* 4A Nichols, The Law of Eminent Domain § 14.-249 at 14–355, 14–363 to 14–365 (Rev. 3rd ed. Sackman 1974).

19. Set forth in note 2, *supra.*

20. Rule 72(a) is set forth at Page 1172, *supra,* and its applicability is discussed at Page 1172.

For example, if a property owner were to appeal a master's award of $10,000 and thereafter refuse to accept an offer of judgment of $12,000, under Rule 68, the condemnor would be entitled to the award of costs and attorney's fees if the jury awarded $11,500. Yet the master's award would be increased by more than 10 percent entitling the property owner to costs and attorney's fees under Rule 72(k).

It is true that in *Miklautsch v. Dominick*,[21] we held the provisions of Rule 68 applicable over the "prevailing party" concept of the general costs and attorney's fees provisions. But there we were not confronted with an exclusivity provision such as that contained in Rule 72(a) which renders inapplicable all other inconsistent procedural rules.[22] Here, the provisions of Rule 72(k) specifically apply to costs and attorney's fees in eminent domain proceedings. It is only where a specific procedure is not provided by Rule 72 that the other civil rules may come into play. This is not such a situation, and the court did not err in denying costs and attorney's fees under the provisions of Rule 68.

### III

### THE PAVEMENT DAMAGE ISSUE

Prior to trial of the *Park Lanes, Inc.* case, the owners indicated that they were going to present a substantial claim for pavement damage which they alleged occurred at the time that the water main was installed. Consequently, the City moved for a protective order which would prevent consideration of the pavement damage claim at the trial, on the ground that such a claim alleged tort, rather than condemnation, damages. Alternatively, the City contended that the owners should at least be required to file a counterclaim, in tort, for such pavement damage. The court denied the City's application for the protective order. At the subsequent jury trial, one of the owners testified that the pavement of property, not within the easements taken, was damaged in the amount of $4,000 as a result of the manner in which the water main was installed. The City objected on the ground that this testimony concerned tort rather than condemnation damages, and that the owners had not filed a counterclaim alleging such a tort cause of action. The court overruled the objection, allowing the testimony as to the pavement damage. The City was thus required to secure the services of experts. They testified that the cause of damage in the parking lot was its poor foundation and not the construction work involved in the placement of the water main. The jury returned a verdict of no damages as to this claim, and the City appeals from the denial of its motion for allowance of attorney's fees and its bill of costs as to the defense of this claim.

 In this area, the question of whether a certain incidental damage claim should be considered part of the special condemnation proceeding turns on the nature of the incidental damage. When the damage to the remaining portion of the condemnee's tract necessarily results from the imposition of the easement or the proper construction of the improvement, then the claim may properly be considered an element of the property owner's damage due to the condemnation. When the damage claim is based upon the allegedly negligent construction of the improvement, however, any loss incurred cannot properly be considered a part of the taking. This is so because the date set forth by statute[23]

21. 452 P.2d 438 (Alaska 1969).

22. *State v. 1,163 Acres, More or Less, Chuckwm, Inc.*, 449 P.2d 776, 778 (Alaska 1968).

23. AS 09.55.330 provides in part:
For the purpose of assessing compensation and damages, the right to them accrues at the date of issuance of the summons, and its actual value at that date is the measure of compensation of the property to be actually taken, and the basis of damages to property not actually taken but injuriously affected in the cases where the damages are allowed.

when the valuation of the owner's loss is to be measured is generally fixed at a time prior to the actual construction of the improvement. It is presumed that the condemnor will build the called for improvement without negligence and the just compensation award is to be determined based on that assumption. If, in fact, the condemnor's actions outside the inherent scope of the taking result in additional injury to the owner, he may be able to bring an action at law in tort against the condemnor.

Nichols in The Law of Eminent Domain states:

> Ordinarily, allowance is made in a condemnation proceeding only for damage which will ensue as a result of the proper and legal construction and operation of the project. Thus, where damage will be inflicted as a result of necessary blasting during the course of construction, allowance therefor may be made in the condemnation proceeding. However, it is also assumed that the condemnor will take such necessary precautions in the construction of the project as to work a minimum of damage to adjoining property.

■ Negligence.

If the damage for which recovery is sought is the result of improper, unlawful or negligent construction or maintenance, recovery may not be had therefor in the proceeding. The owner is relegated in such case to a common-law action for damages.[24]

The City correctly points out that the aforesaid well-settled rule excluding consideration of tortious injuries from condemnation damages is incorporated into AS 09.55.310(a). Subsection 2 of AS 09.-55.310(a) provides that in cases where only a part of a larger parcel is being taken, the

jury must assess "the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned, and the construction of the improvements *in the manner proposed by the plaintiff*". Obviously, the condemnor proposes or intends non-negligent construction in every case.

■ The issue raised by the defendants concerning damages to the parking lot pavement was one involving a charge of negligent construction or negligent failure to properly repave the areas affected by the construction activity. Pursuant to the City's request, the trial court should have required the owners here to file a counterclaim in tort. In any event, the City emerged as the prevailing party in what proved to be a successful defense against an essentially common law action. Therefore, it violates neither the language nor the policy of Rule 72(k) if costs and attorney's fees relating to that defense are awarded to the City in accordance with the general civil rules allocating such expenses in an ordinary civil suit.[25]

In *Montana R. Co. v. Freeser*,[26] the Montana Supreme Court, interpreting statutes from which AS 09.55.310 and 330 were adopted, reached a result consistent with the City's present approach. That case involved a claim against a railroad by a landowner that improper construction of a road bed caused damage to his irrigation system. In reversing the trial court's allowance of condemnation damages on this claim, the court held:

> When damages are appraised prior to the construction of the improvements for which the land is condemned, the estimate should be made on the assumption that the improvements will be properly

24. 4A Nichols, The Law of Eminent Domain, §§ 14–245–14.245[1], at 14–243 to 24–248 (Rev.3rd ed. Sackman 1973) (footnotes omitted).

25. This court has previously held that prevailing government entities are entitled to awards of costs and attorney's fees to the

same extent as any private litigant [pursuant to Rules 54(d) and 82]. *Kelly Supply Co., Inc. v. City of Anchorage*, 516 P.2d 1206, 1211 (Alaska 1973); *Jefferson v. City of Anchorage*, 513 P.2d 1099, 1102 (Alaska 1973).

26. 29 Mont. 210, 74 P. 407 (1903).

constructed; and, if they are constructed pending the condemnation proceedings, the rule under this statute should be the same. The actual effect of the properly constructed improvements in the manner proposed by plaintiff as to the larger parcels should control the appraisal. If the improvements are improperly or negligently constructed, no additional damage should be given for this reason.[27]

Thus as to the successful defense of the negligence claim, the general civil rules pertaining to the award of costs and attorney's fees apply. The trial court should have awarded costs [28] to the City as to that claim. The court may, in its discretion, also award attorney's fees in a reasonable amount as a part of such costs.[29] The case is remanded for assessment of costs and the exercise by the trial court of its discretion as to the allowance of attorney's fees.

Affirmed in part, reversed in part and remanded.

ERWIN, J., not participating.

DIMOND, Justice Pro Tem. (concurring in part and dissenting in part).

The Alaska Constitution provides that "[p]rivate property shall not be taken or damaged for public use without just compensation."[1] The legislature has implemented this constitutional provision by providing not only that compensation shall be paid for the property taken, measured by actual value, but also that there shall be compensation for property not actually taken but injuriously affected.[2]

As the court points out, the valuation of the property owner's loss is generally fixed at a time prior to actual construction of the improvement by the condemning agency as to the land taken. In such a case, compensation for property not taken but injuriously affected must be estimated by the best means available, and will involve a certain amount of conjecture on the part of the jury.

But here we have a different case. The compensation was not determined finally by the jury until after the condemning agency's improvement had been constructed. If the owner's remaining property had been injuriously affected by the improvement, it would be helpful to the jury to consider the manner of construction in determining to what extent the property not actually taken was injuriously affected.

If the improvement was constructed in a negligent manner, it might well be that this would provide a more accurate measure of the extent to which the property not actually taken was injuriously affected, than when this element of compensation must be determined before the construction of the improvement. In the former instance, it is my belief that the determination of the damages to the property not taken, whether any are allowed or not, is a determination of just compensation and an integral part of the eminent domain proceedings. If this is true, then the rule adopted by the court as to not awarding costs and attorney's fees to the condemning agency should apply here as well as to that part of the same proceeding where just compensation is determined for the land actually taken.

Applying that principle here, it is my opinion that as to the claim in the eminent domain proceeding of negligent construction of the improvement, attorney's fees and costs should not be awarded to the condemning agency. Civil Rule 72(k) applies here as well as to that part of the action regarding the value of the property actually taken, and the other civil rules al-

---

**27.** *Id.* at 408. *See also Hollywood Baptist Church v. State Highway Dept.,* 114 Ga.App. 98, 150 S.E.2d 271 (1966) ; *Ryan v. Davis,* 201 Va. 79, 109 S.E.2d 409 (1959) ; *Chavez v. City of Laramie,* 389 P.2d 23 (Wyo.1964).

**28.** Costs are allowed as of course to the prevailing party. *See* note 6 quoting Alaska R. Civ.P. 54(d).

**29.** *See* Alaska R.Civ.P. 82(a)(1) quoted in note 7. *Pankratz, et al v. State,* 538 P.2d 984 (Alaska 1975) ; *Cooper v. Carlson,* 511 P.2d 305 (Alaska 1973).

**l.** Alaska Const., art. I, § 18.

**2.** AS 09.55.310(a)(2).

lowing costs and attorney's fees to the prevailing party have no application.

I dissent from the court's adverse holding in this respect as set forth in Part III "The Pavement Damage Issue", but concur with the remainder of the opinion.