**BADGER CONSTRUCTION COMPANY, INC., Fairbanks North Star Borough, and all Unknown Owners, and 0.441 of an acre, more or less, Appellants,**

v.

**STATE of Alaska, Appellee.**

**No. 5300.**

Supreme Court of Alaska.

May 29, 1981.

laxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.

H. Bixler Whiting, Whiting & Rosie, Fairbanks, for appellants.

William R. Satterberg, Jr., Asst. Atty. Gen., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

CONNOR, Justice.

The sole question in this appeal from a condemnation proceeding is whether the superior court erred in awarding the property owner less than the full amount of its appraisers' fees.

The state filed a declaration of taking of about half an acre of land in Fairbanks for a highway project. It deposited $22,750 in the court registry as its offer of compensation. The landowner objected and the matter was referred to a master.

The state and the landowner each obtained two appraisals, one about a year prior to the master's hearing and a second the month before the hearing. The state's appraisers evaluated the property owner's loss at $70,000 and $92,000. The property owner's appraisers figured the loss at $355,000 and at $337,000. The master found that the damages were $180,000.

The parties settled the case for a total of $235,000 prior to trial, except for the issue of the amount to be awarded for appraiser's fees.

In its subsequent cost bill, the property owner requested $14,883.26, for appraisers' fees, which was the amount billed to it by the two appraisers. The state objected. Following a hearing, the court awarded $10,000 for appraisers' fees. The property owner has appealed.

This appeal concerns the provisions of Civil Rule 72(k), which state:

"*Costs.* Costs and attorney's fees incurred by the defendant shall not be assessed against the plaintiff, unless:

(1) the taking of the property is denied, or

(2) the award of the court was at least ten (10) percent larger than the amount deposited by the condemning authority or the allowance of the master from which an appeal was taken, or

(3) the action was dismissed under the provisions of subdivision (i) of this rule, or

(4) allowance of costs and attorney's fees appears necessary to achieve a just and adequate compensation of the owner.

Attorney's fees allowed under this subdivision shall be commensurate with the time committed by the attorney to the case throughout the entire proceedings."

The landowner contends that under Civil Rule 72(k) it is entitled to full compensation for its necessary expenses. It urges that the expenses incurred were "necessary" within the meaning of that rule because the land had no established market value and the estate's offer was sufficiently low to lead the owner to believe that an appraisal was required. The expense was reasonable, it is said, because the property owner's appraisers billed little more than the state's appraisers except for travel expenses.

The state argues that Civil Rule 72(k) does not provide a "blank check" for costs and fees in a condemnation case, and that the trial court in this case did not abuse its discretion.

Underlying the dispute is the property owner's implied assertion that when fees are awarded under Civil Rule 72(k) in a condemnation case, the court is without discretion to deny actual expenses. This point has been left open by certain previous opinions, which primarily discuss the award of fees under Civil Rule 72(k)(4).[1]

The provisions of subdivision (k), other than clause (4), are specific situations in which the automatic award of actual costs and attorney's fees might be appropriate.[2] Those provisions are limited to cases where the state's eminent domain power is wholly defeated or where an appeal of a master's decision results in a substantial increase for the property owner. To the extent that the landowner pays a legitimate but inflated bill from an appraiser who overcharges, this means that the landowner will not receive full compensation for his out of pocket expenses. Arguably it is unconstitutional to place the burden of an overcharge by the appraiser on the innocent landowner.

We rejected that argument, however, in *State v. Alaska Continental Development Corp.*, 630 P.2d 977 at 993 (Alaska, 1980). There we held that only "necessarily incurred" expenses are recoverable under subsection (2) of Civil Rule 72(k) and, further, that:

> "Automatically awarding all costs claimed by a party under subsection (2) of the rule is not mandated by the constitutional requirement of just compensation, any more than it is constitutionally required under subsection (4)."

Thus, once it is determined that a particular charge is allowable as a part of costs or attorney's fees under Civil Rule 72(k), the court may award less than the full amount of the charge when it finds that amount unreasonable in view of the nature and extent of the services rendered.[3] As we noted in *Stewart & Grindle, Inc. v. State*, 524 P.2d 1242, 1251 (Alaska 1974), there is a great potential for abuse of these provisions absent some such limitation. The constitutional objection to this approach rests on characterizing those fees as "necessary." Just because it is "necessary" to obtain professional help does not mean that it is "necessary" to hire one who charges an exorbitant amount. The costs are "necessary" and, therefore, compensable only to

---

1. *See State, Dept. of Highways v. Salzwedel*, 596 P.2d 17, 20–21 (Alaska 1979); *Greater Anchorage Area Borough v. Ten Acres*, 563 P.2d 269, 273–75 (Alaska 1977); *Stewart & Grindle, Inc. v. State*, 524 P.2d 1242, 1249–51 (Alaska 1974). *See also, City of Anchorage v. Scavenius*, 539 P.2d 1169, 1173 (Alaska 1975) (Civil Rule 72(k) is "totally exclusive in regard to the allocation of costs and attorney's fees in a condemnation proceeding").

2. *Cf. Russian Orthodox Greek Catholic Church of North America v. Alaska State Housing Authority*, 498 P.2d 737, 743 (Alaska 1972) (denial of fees found error, when subsection 72(k)(2) is applicable).

3. *See Stewart & Grindle, Inc. v. State*, 524 P.2d 1242, 1251 (Alaska 1974) (Civil Rule 72(k)(4)); *cf. State v. Hammer*, 550 P.2d 820, 829 (Alaska 1976) (may deduct from appraiser's fees under (k)(2) that portion not allocable to dispute with state). The landowner contends, and the state apparently concedes, that Civil Rule 72(k)(2) governs. The case was settled by a court-approved stipulation for judgment. Since we conclude here that actual but unreasonable fees need not be awarded under any portion of Civil Rule 72(k), we need not decide whether in this situation Civil Rule 72(k)(2) or (4) is the appropriate standard. *See State, Dept. of Highways v. Salzwedel*, 596 P.2d 17, 20, n. 10 (Alaska 1979).

the extent that they are reasonable,[4] that is, "necessarily incurred." *See State v. Alaska Continental Development Corp.*, 630 P.2d at 993–994.

In this case, the court found that $10,000 was the reasonable value of the necessary services. We are unable to conclude that the court abused its discretion.[5] Therefore, we affirm.

AFFIRMED.

---

4. Our recent opinion in *Martens v. State, Dept. of Highways*, 623 P.2d 331 (Alaska 1981), is not to the contrary.

5. The state's independent appraiser spent 72 hours on the job. The record reflects that one of the landowner's appraisers charged for 82 hours. The other charged for 78 hours plus 21 hours by a research assistant and also charged $3,720 for additional "appraisal services." The record also shows that in the master's opinion, the services that these appraisers rendered were overpriced.