George L. STEWART and Anita R. Stewart, Appellants,

v.

STATE of Alaska, DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES, Appellee.

No. S–104.

Supreme Court of Alaska.

Dec. 28, 1984.

---

Charlene Lichtmann, Kay, Christie, Saville & Coffey, Anchorage, for appellants.

Susan Urig, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

MOORE, Justice.

The Stewarts appeal the trial court's decision to deny them attorney's fees and to award the State attorney's fees in an eminent domain action. We affirm the trial court because part of the Stewarts' attorney's fees was not necessarily incurred in seeking a dismissal of the eminent domain action. Furthermore, the State is entitled to attorney's fees as the prevailing party on subsequent issues unrelated to its eminent domain action.

## I. FACTS AND PROCEEDINGS

On July 19, 1982, the State filed a condemnation action to acquire the Stewarts' realty. The State claimed it needed the property for a road improvement project on Bragaw Street. The project required that 4,410 square feet, or $\frac{1}{10}$ of an acre, be taken from the edge of the Stewarts' 4-acre parcel. The State valued the interest to be condemned at $3,050.

According to Civil Rule 72(e)(3), the Stewarts had 20 days to answer and object to the taking, which they failed to do. In the absence of any objection, the State proceeded to put the road improvement contract up for bid. On October 29, 1982, the State awarded the contract and authorized the contractor to begin work.

On December 16, 1982, the Stewarts requested leave to file a late answer, which the court permitted over the State's objection. The Stewarts requested that the court dismiss the complaint and vacate the declaration of taking.

Because any delays caused by the Stewarts' claim could have resulted in claims against the State for delay damages, the State redesigned the project to avoid taking any of the Stewarts' realty. The revised design provided for construction of a retaining wall 3 to 6 feet in height on the State's existing right of way.[1]

On March 4, 1983, the State filed its non-opposition to the Stewarts' motion objecting to the declaration of taking. The State also filed a motion requesting that

---

1. The Stewarts argue that the retaining wall was ' to be 15 to 25 feet in height.

the trial court dismiss the complaint pursuant to Civil Rule 72(i)(3) after the court vacated the declaration of taking.

The Stewarts opposed the State's motion to dismiss, stating that they did "not oppose the vacation of the declaration of taking but [did oppose] the dismissal of the complaint." The Stewarts claimed that the construction of the retaining wall would cause a reduction in the value of their property and amounted to a taking. They argued that they were still entitled to a hearing on the State's authority to build the retaining wall. On March 15, the Stewarts moved to amend their answer to add a counterclaim requesting injunctive relief and alleging inverse condemnation. The record does not indicate that the court permitted the amendment.

On March 21, 1983, the court heard arguments on the Stewarts' motion for a temporary restraining order regarding the State's removal of trees on the State-owned right of way. The court denied the Stewarts' motion.

On April 1, 1983, the superior court heard testimony on the Stewarts' request for a preliminary injunction. The Stewarts' motion for a preliminary injunction was denied because the court found an inadequate showing of irreparable harm.

On May 2, 1983, the court heard arguments on the State's motion to dismiss and vacated the declaration of taking. On May 16, 1983, the court dismissed the State's complaint in its judgment order.

The Stewarts filed a motion for an award of attorney's fees pursuant to Civil Rule 72 and asked for $9,320. In the motion they stated that:

> This motion is brought pursuant to Rule 72(k)(4) of the Alaska Rules of Civil Procedure, which provides that costs and attorney's fees incurred by defendants in an eminent domain action may be assessed against the State if an action is dismissed under Rule 72(i).

The State did not oppose an award of actual fees incurred by the Stewarts before March 4, when it filed a non-opposition to the Stewarts' motion to vacate the declaration of taking. However, the State opposed any award of costs and attorney's fees incurred after March 4. The State also filed its own motion for an award of attorney's fees pursuant to Civil Rule 82, claiming that it was the prevailing party on the "non-condemnation" injunctive issues.

On August 17, 1983, the court awarded the Stewarts attorney's fees incurred before March 4, 1983, but refused to award fees after that date. The court stated that:

> I find that fees incurred by the Stewarts after March 4, 1983 were not "necessarily incurred" in defending the eminent domain action. At that time, the State had filed a motion to vacate the declaration of taking, and a motion to dismiss the action against the Stewarts. It was the Stewarts who opposed the motion to dismiss. The Stewarts are awarded attorney's fees incurred prior to March 4, 1983....

The trial court also awarded the State partial fees incurred after March 4 as the prevailing party in the "non-condemnation" issues raised by the Stewarts. The court stated that:

> The State has moved for attorney's fees pursuant to Rule 82(a)(1) for work performed after March 4, 1983. In *City of Anchorage v. Scavenius*, 539 P.2d 1169 (1975), the Alaska Supreme Court held that the condemning authority can be awarded Rule 82 attorney's fees for prevailing in actions not properly considered part of the eminent domain action. The State is awarded partial attorney's fees of $4,000 for defending against the Stewarts' claims filed after March 4, 1983.

In that same order, the court stated that it had not addressed the Stewarts' inverse condemnation claim in this case.

On September 9, 1983, the Stewarts filed a motion for expert witness fees incurred after March 4, 1983. They sought fees for an expert witness who had testified at the preliminary injunction hearing. The State opposed the Stewarts' motion. On September 27, 1983, the court denied the Stewarts' motion for expert witness fees.

The Stewarts appealed the trial court orders denying their attorney's fees and expert witness fees after March 4, 1983, and awarding the State partial fees after that date.

## II. DID THE TRIAL COURT ERR IN DENYING THE STEWARTS ATTORNEY'S FEES AND EXPERT WITNESS FEES INCURRED FROM MARCH 4, 1983 (WHEN THE STATE AGREED TO A DISMISSAL) TO MAY 2, 1983 (WHEN THE ACTION WAS DISMISSED)?

The Stewarts argue that Civil Rule 72(k)(4) automatically entitles them to reasonable attorney's fees and costs incurred before the actual dismissal. Civil Rule 72(k) provides in pertinent part:

Costs and attorney's fees incurred by the defendant shall not be assessed against the plaintiff, unless:

. . . .

(4) the action was dismissed under the provisions of paragraph (i) of this rule. . . .

Civil Rule 72(i) provides in pertinent part:
(i) Dismissal of Action.

. . . .

(3) By Order of the Court. At any time before compensation for a piece of property has been determined and paid and after motion and hearing, the court may dismiss the action as to that property, except that it shall not dismiss the action as to any part of the property of which the plaintiff has taken possession or in which the plaintiff has taken title or a lesser interest, but shall award just compensation for the possession, title or lesser interest so taken. The court at any time may drop a defendant unnecessarily or improperly joined.

In *Badger Construction Co., Inc. v. State*, 628 P.2d 921 (Alaska 1981), we stated that:

The provisions of subdivision (k), other than clause [5], are specific situations in which the automatic award of actual costs and attorney's fees might be appropriate. Those provisions are limited to cases where the state's eminent domain power is *wholly defeated* or where an appeal of a master's decision results in a substantial increase for the property owner.[2]

*Id.* at 923. (Emphasis added).

Thus Civil Rule 72(k)(1–4) is limited to situations in which the defendant prevails. In this case, the Stewarts initially sought to dismiss the State's action. They obtained the dismissal once the State agreed to it on March 4. However, after March 4, the Stewarts then attempted to prevent dismissal and were unsuccessful. Therefore, they were not entitled to attorney's fees and costs after March 4, 1983. Furthermore, since the State agreed to a dismissal on March 4, the Stewarts did not necessarily incur the fees after March 4 in seeking a dismissal. *State v. Alaska Continental Developmental Corp.*, 630 P.2d 977, 993 (Alaska 1980). Consequently, the Stewarts are only entitled to attorney's fees incurred before March 4.

In *Triangle, Inc. v. State*, 632 P.2d 965, 970 (Alaska 1981), we stated that when a trial court reduces actual attorney's fees under 72(k) it must state reasons for such reduction. Here the court did state its reasons and it did so on valid grounds.

## III. IS THE STATE ENTITLED TO ATTORNEY'S FEES UNDER CIVIL RULE 82 FOR THE PERIOD FROM MARCH 4, 1983 TO MAY 21, 1983?

The Stewarts argue that the State was not the prevailing party under Civil Rule 82 and therefore was not entitled to any attorney's fees. They claim to have prevailed on the main issue, because they originally requested the dismissal of the complaint and the vacating of the declaration of taking. In addition, the Stewarts assert that Civil Rule 82 is inapplicable because condemnation was always in issue.

In *City of Anchorage v. Scavenius*, 539 P.2d 1169 (Alaska 1975), we stated that the

---

**2.** Civil Rule 72(k) was revised and renumbered in 1981 so that subsections (3) and (4) referred to in cases before 1981 are now subsections (4) and (5) respectively.

condemnor cannot get attorney's fees under Civil Rule 82 in the initial determination of a condemnation action. However, we also held that if the condemnee asserts counterclaims that are basically common law actions (such as negligence), the condemnor can be awarded costs if it is the prevailing party on those issues. We stated:

> The issue raised by the defendants concerning damages to the parking lot pavement was one involving a charge of negligent construction or negligent failure to properly repave the areas affected by the construction activity. Pursuant to the City's request, the trial court should have required the owners here to file a counterclaim in tort. In any event, the City emerged as the prevailing party in what proved to be a successful defense against an essentially common law action. Therefore, it violates neither the language nor the policy of Rule 72(k) if costs and attorney's fees relating to that defense are awarded to the City in accordance with the general civil rules allocating such expenses in an ordinary civil suit.

*Id.* at 1178.

We find the case at bar analogous to *Scavenius*. The issues litigated by the parties after the State agreed to the dismissal were unrelated to the eminent domain action brought by the State. When the Stewarts sought a temporary restraining order and a preliminary injunction, they sought only to prevent the State from removing trees and from building a retaining wall on the State's own property. These issues were not related to the State's action seeking to condemn the Stewarts' real property. Because the State was the prevailing party on the issues unrelated to the State's claim, it is entitled to attorney's fees.[3]

For the reasons stated above, we AFFIRM the trial court.

---

3. In *Williams v. City of Valdez,* 603 P.2d 483 (Alaska 1979), the trial court granted the city's motion for summary judgment, declaring that inverse condemnation had occurred when the city constructed a drainage ditch across Williams' property. We denied the city's motion for attorney's fees, concluding that "a condemnor should not be allowed to recover attorney's fees in inverse condemnation cases." *Id.* at 493. We note that the mere fact that a party brings an inverse condemnation action does not mean there has been a taking. If a court dismissed an inverse condemnation complaint because there was no taking, the purported condemnor would be entitled to attorney's fees.

*Williams* does not apply in the present case because no inverse condemnation claim was ever before the court. The trial court never ruled whether it would allow the Stewarts to file a counterclaim for inverse condemnation. When the trial court dismissed the State's complaint, the court implicitly denied the Stewarts' motion to file the counterclaim. The Stewarts do not assert that the trial court abused its discretion by denying them leave to amend the complaint.