STATE of Alaska, DEPARTMENT OF
TRANSPORTATION AND PUBLIC
FACILITIES, Appellant,

v.

4.085 ACRES, MORE OR LESS; Anchorage South Limited; Alaska Baptist Convention; Alaska Title Guaranty; Chugach Electric Association, Inc.; Municipality of Anchorage, Appellees.

No. S–2006.

Supreme Court of Alaska.

April 1, 1988.

Ross A. Kopperud, Asst. Atty. Gen., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellant.

Leroy J. Barker and Gregory G. Silvey, Robertson, Monagle & Eastaugh, Anchorage, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

MOORE, Justice.

In this case the State appeals an award of attorney's fees to the landowner in a condemnation action. Prior to trial, the State made an offer of judgment for $250,-000, plus interest, costs, and attorney's fees. The landowner rejected the offer and went to trial. Ultimately, the jury awarded the landowner slightly less than the State's offer.

This appeal concerns whether the trial court properly awarded the landowner those attorney's fees incurred *after* the landowner rejected the State's offer. We affirm the trial court's award.

## I.

In October of 1980, the State filed a declaration of taking and a complaint condemning roughly four acres of land owned by Anchorage South Ltd. The State deposited $81,700, the estimated just compensation for the taking. After a hearing in July of 1985, a master decided that just compensation should be $533,793. The State appealed for a trial *de novo* pursuant to Civil Rule 72(h)(4) and AS 09.55.320.

In March of 1986, the State made an offer of judgment of $250,000, plus interest, costs, and attorney's fees. The landowner rejected the offer. The matter went to trial, resulting in a jury verdict of $249,119 and a judgment based on that amount. The trial judge granted the landowner's motion for full costs and attorney's fees of $60,064. The award was based on Civil Rule 77(k)(2).

The State appeals, contending that the court should not have awarded costs and attorney's fees that the landowner incurred after rejecting the State's offer.

## II.

Civil Rule 72(k) governs awards of costs and attorney's fees in eminent domain proceedings. It provides:

> (k) Costs. Costs and attorney's fees incurred by the defendant shall not be assessed against the plaintiff, unless:
>
> (1) the taking of the property is denied; or
>
> (2) the plaintiff appeals from the allowance of the master and the defendant does not appeal; or
>
> (3) the award of the court was at least ten (10) percent larger than the amount deposited by the condemning authority or the allowance of the master from which an appeal was taken by the defendant; or
>
> (4) the action was dismissed under the provisions of paragraph (i) of this rule; or

> (5) allowance of costs and attorney's fees appears necessary to achieve a just and adequate compensation of the owner.
>
> Attorney's fees allowed under this paragraph shall be commensurate with the time committed by the attorney to the case throughout the entire proceedings.

Alaska R.Civ.P. 72(k). Subparagraph (2) of the rule was added in 1981. Supreme Court Order No. 468 (eff. June 1, 1981). We have not yet interpreted the standard for awarding fees under subparagraph (2).[1]

■ When construing other subparagraphs of Rule 72(k), we have repeatedly found that fees are allowable only if "necessarily incurred," even though that expression appears nowhere in the rule. For example, in *Stewart & Grindle, Inc. v. State*, 524 P.2d 1242, 1250 (Alaska 1974), we held that a landowner is constitutionally entitled to reimbursement under present Rule 72(k)(5) for expenses "necessarily incurred." We went on to say that an expense that was not necessary to obtain just compensation would be disallowed. *Id.* at 1250–51. Thus, under subparagraph (k)(5), the landowner's costs and attorney's fees would be allowed *if and only if* they were "necessarily incurred." Subsequently, we found that even under subparagraph (k)(3), which appears on its face to involve a very mechanical test, the court could only award expenses "necessarily incurred." *State v. Alaska Continental Dev. Corp.*, 630 P.2d 977, 993 (Alaska 1980). We stated:

> There exists no more persuasive rationale for allowing a party to recover unnecessary expenses in cases where the party obtains an award ten percent higher than that deposited by the state or awarded by the master ... than when the party does not meet the ten percent requirement and must rely on subsection ([5]) to obtain an award for costs and fees.

---

1. A number of cases construe what was previously codified as Civil Rule 72(k)(2), but is now (k)(*3*). *See, e.g., Triangle, Inc. v. State*, 632 P.2d 965, 970 (Alaska 1981). Rule 72(k) was renumbered in 1981, when the new subparagraph (2) was added. Thus, old subparagraphs (2), (3), and (4) became (3), (4), and (5), respectively.

*Id.*[2]

The same could be said for subparagraph (k)(2). We now hold that under subparagraph (k)(2), which allows the court to award fees when the State appeals but the landowner does not, the court may only award fees necessarily incurred.[3]

Admittedly, to hold that only those fees that are necessarily incurred may be awarded under subparagraph (k)(2) is to make that subparagraph somewhat redundant, since expenses necessarily incurred *must* be awarded under subparagraph (k)(5).[4] *See Stewart & Grindle,* 524 P.2d at 1250. However, we believe subparagraph (k)(2) should be read as a particular case of the general rule expressed in subparagraph (k)(5). In effect, subparagraph (k)(2) provides that if the condemning authority appeals and the landowner does not, then, ordinarily, the landowner's reasonable expenses *are* necessarily incurred and therefore are awardable. Subparagraph

Supreme Court Order No. 468 (eff. June 1, 1981).

**2.** In *Triangle, Inc. v. State,* 632 P.2d 965, 970 (Alaska 1981), we held that where a property owner had obtained an award that "exceed[ed] by more than ten percent the [amount] deposited by the state for its taking, an award of attorney's fees [was] *mandated* by Civil Rule 72(k)( [3] )." (Emphasis added.) Taken out of context, this quote might be said to indicate that fee awards are automatic under subparagraph (k)(3). However, in the very next paragraph, we clearly reaffirmed that "only those fees 'necessarily incurred' in defending the eminent domain action should be awarded." *Id.*

**3.** The final sentence of paragraph 72(k) states: "Attorney's fees allowed under this paragraph shall be commensurate with the time committed by the attorney to the case *throughout the entire proceedings.*" Alaska R.Civ.P. 72(k). (Emphasis added.) Anchorage South Ltd. argues that the final four words prevent the court from declining to award *post-offer* fees. We do not think that those four words carry that much weight. We have repeatedly held that a trial court, when analyzing a motion for fees, need not accept or reject the motion in its entirety. *See Resource Investments v. State, Dep't of Transp. & Pub. Facilities,* 687 P.2d 280, 283 (Alaska 1984); *Badger Constr. Co. v. State,* 628 P.2d 921, 923–24 (Alaska 1981).

**4.** Justice Matthews, in a dissent joined by Justice Burke, recognized a similar redundancy between subparagraphs presently numbered (3)

(k)(2) is intended not to punish the condemning authority for appealing, but to allow adequate resolution of the value of a property without being unfair to the affected landowner (who was forced into the proceeding and ultimately into the appeal).

## III.

▪▪ Turning to the facts of this case, the State appealed the $533,793 master's award; the landowner did not. Thus, the landowner is eligible for an award of fees under Rule 72(k), but only for those fees necessarily incurred.

The landowner rejected the State's pretrial offer of judgment, and went on to win a slightly lower jury award. Fees in eminent domain actions are governed by Civil Rule 72.[5] However, Rule 72, and in particular, subparagraph (k)(2), simply does not specify the effect of an offer of judgment.

The State argues that if the landowner rejects an offer, and ultimately is awarded

and (5). *Martens v. State, Dep't of Highways,* 623 P.2d 331, 338 (Alaska 1981) (dissent). They suggested resolving the redundancy by limiting the application of subparagraph (5) to extraordinary circumstances: "If part ( [5] ) is used in the absence of extraordinary circumstances, in cases where part [ (3) ] applies, it makes part ( [3] ) meaningless." *Id.* at 338 (using the present numbering).

**5.** Although Civil Rule 68 governs the award of fees incurred after an offer, it does not apply here because Civil Rule 72 specifically governs fee awards in eminent domain actions. This court has held that "[w]here a specific procedure is not provided by Civil Rule 72, then any of the other rules of practice and procedure are available, to the extent that they may be applicable." *Stewart & Grindle, Inc. v. State,* 524 P.2d 1242, 1251 (Alaska 1974) (as modified on rehearing) *quoting State v. 1.163 Acres, More or Less, Chuckwm, Inc.,* 449 P.2d 776, 778 (Alaska 1968). Rule 72(k) provides for fee awards in such actions. *See City of Anchorage v. Scavenius,* 539 P.2d 1169, 1177 (Alaska 1975); *Stewart & Grindle,* 524 P.2d at 1251. While Rule 72(k) omits to specify the effects of an offer of judgment, we nonetheless hold that Rule 68 is inapplicable. Under Rule 68, either party can be at risk for the other's attorneys' fees. But in eminent domain actions, the State ordinarily cannot be awarded fees, while in certain circumstances the landowner must be. This leads us to conclude that the rules for post-offer fee awards to the landowner may also be different from those in Rule 68.

*less* than the amount of the offer, then the landowner's post-offer fees are per se unnecessary and therefore not awardable. We disagree. While we strongly encourage out-of-court settlement, we are reluctant to say, without going through the rulemaking process, that post-offer fees can never be awarded in this situation.[6]

In the meantime, the trial court must determine whether the post-offer fees were necessarily incurred by considering the magnitude and circumstances of the offer. Moreover, that determination must be made within the fabric of Rule 72(k)(2), under which, as we have just held, the landowner's reasonable expenses ordinarily *are* necessarily incurred and awardable when the condemning authority appeals and the landowner does not.

■ In determining whether attorney's fees were necessarily incurred the trial court should take into consideration the landowner's rejection of the state's offer of settlement. The record does not disclose whether the trial court did consider the effect of the state's offer of settlement, the effect of the landowner's subsequent rejection of the State's offer, and the ultimate determination of value in making its ruling on attorney's fees, or thought that such considerations were precluded by the text of Rule 72(k)(2). Thus, we remand for the trial court to either clarify its rationale, or redetermine the fees.

### IV.

■ In addition, we believe the State could have followed a different procedure in attempting to settle this case, that might have reduced its risk of liability for further fees. Instead of making a $250,000 offer

of judgment, the State could have increased the amount of its initial deposit with the court from $81,700 to $250,000. *See* Alaska R.Civ.P. 72(j). Then, pursuant to Civil Rule 72(k)(3), fees subsequently incurred by the landowner would not be chargeable to the State unless the court's award is at least ten percent larger than the amount deposited.[7]

Admittedly, if the State had deposited $250,000, the landowner's subsequent fees would still seem to be awardable under subparagraph (k)(2). Thus, subparagraphs (k)(2) and (k)(3) would be in conflict. While we need not resolve that conflict here, we believe the specific numerical test of subparagraph (k)(3) would control. That is, if the court's award were not at least ten percent greater than the deposit, fees incurred by the landowner after the State made its deposit would not be awardable even under subparagraph (k)(2).

AFFIRMED in part, and REMANDED in part for further consideration by the trial court in light of this opinion.

COMPTON, Justice, with whom BURKE, Justice, joins, dissenting in part.

I agree with the analysis adopted in Part II of the opinion of the court, and the result of its application set forth in Part III. However, I do not agree with Part IV.

The procedure suggested in Part IV was neither raised at trial, nor in the statement of points on appeal, nor in the briefs of the parties nor at oral argument. The court raises the issue, observing that the procedure would create conflict between sections of the rule. It then remarks that "... we need not resolve that conflict here," but

---

**6.** *See* Alaska R.Admin.P. 44. In our view, conclusively determining the effect of offers of judgment in eminent domain proceedings is a major change, worthy of public comment as provided for in Administrative Rule 44(i).

**7.** Subparagraph (k)(3) allows fees if:
[T]he award of the court was at least ten (10) percent larger than the amount deposited by the condemning authority or the allowance of the master from which an appeal was taken by the defendant.
Alaska R.Civ.P. 72(k)(3).

This might be read to impose the 10% limit only when the landowner appeals. However, we think a better reading is that the requirement is imposed when comparing the court's award to either: (1) the amount of the deposit, *regardless of which party appeals;* or (2) the allowance of the master, when the landowner appeals. To the extent this may be inconsistent with language we used in *Martens v. State, Dep't of Highways,* 623 P.2d 331, 336 n. 9 (Alaska 1981), we limit that language.

proceeds to suggest how it "believe[s]" the conflict should be resolved.

There is no adversity here of the kind we normally look for to determine whether an issue should be decided. The analysis suggested by the court is unmoored to any discourse by which we could become instructed as to the interests and issues at stake. This is an advisory opinion adrift on its own, binding this court to no course in the future.

Those who must look to legal interpretation to guide them in their business and personal affairs need as much certainty in the law as is possible. Announcement of a "belief" as to how an issue should be decided can create only uncertainty. When this issue is presented to us in an adversarial context, with genuine interests at stake to which we can anchor our analysis, our resolution may be different than what is expressed today. If there are those who have relied on the court's expressed "belief," and surely there will be, they will be justifiably dismayed and perhaps irreparably harmed.

The court fails to heed the advice many a lawyer has given a client: answer only the question asked, volunteer nothing. While perfection in the appellate process will never be achieved, we do not have to strive against it.