*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ALASKA LASER WASH, INC., | ) | |
| | ) | Supreme Court No. S-16915 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-09-11426 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, | ) | |
| DEPARTMENT OF | ) | No. 7449 – May 8, 2020 |
| TRANSPORTATION & PUBLIC | ) | |
| FACILITIES, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Kevin T. Fitzgerald, Ingaldson Fitzgerald, P.C., Anchorage, and George Trefry, Santa Rosa, California, for Appellant. Dario Borghesan, Assistant Attorney General, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for Appellee.

Before: Bolger, Chief Justice, Winfree, Stowers, and Carney, Justices. [Maassen, Justice, not participating.]

BOLGER, Chief Justice.

## I.     INTRODUCTION

In previous proceedings we vacated a superior court award in favor of Alaska Laser Wash, Inc. and against the State of Alaska, and remanded the case for

reconsideration of prevailing party status, attorney's fees, and costs. On remand the superior court determined that the State was the prevailing party and awarded the State attorney's fees. Alaska Laser Wash appeals, arguing that it should be awarded attorney's fees under Alaska Civil Rule 72(k), which applies to eminent domain proceedings. We affirm the superior court's ruling, concluding that when a landowner fails to establish a taking in an inverse condemnation case, attorney's fees are awarded under Alaska Civil Rule 82, generally governing attorney's fees, or Alaska Civil Rule 68, if there has been an offer of judgment, but not under the eminent domain rules.

## II.    FACTS AND PROCEEDINGS

The State in an exercise of its eminent domain power, reached an agreement to purchase a car wash location from Alaska Laser Wash.[1] Upon reaching the agreement Alaska Laser Wash asserted that it reserved the right to sue for lost business profits. Alaska Laser Wash then pursued an inverse condemnation claim for business damages incurred by the acquisition,[2] arguing that its locations throughout Anchorage were interconnected and the loss of one car wash damaged the earning power of the remaining

---

[1]    *State, Dep't of Transp. & Pub. Facilities v. Alaska Laser Wash, Inc.*, 382 P.3d 1143, 1146-47 (Alaska 2016).

[2]    Alaska Laser Wash argues that, because the original purchase was initiated by the State and Alaska Laser Wash decided to pursue the suit for business damages afterwards, this is an "inverse [condemnation] in name only." However, this action fits the definition of inverse condemnation. Black's Law Dictionary defines inverse condemnation as "[a]n action brought by a property owner for compensation from a governmental entity that has taken the owner's property without bringing formal condemnation proceedings. Also termed *constructive condemnation; reverse condemnation;* (in civil law) *injurious affection*." *Condemnation*, BLACK'S LAW DICTIONARY (11th ed. 2019).

locations.[3]  Following a jury trial the superior court denied the State's motion for a directed verdict.[4]  The jury found in favor of Alaska Laser Wash and awarded it damages; the court then made an award of attorney's fees and costs in favor of Alaska Laser Wash.[5]

On appeal we determined that the incorrect legal standard was applied.[6]  We ruled that, to receive business damages, a business owner whose property was taken by the State must show that relocation was not feasible.[7]  We therefore reversed the superior court's denial of the State's motion for directed verdict.[8]  We remanded for reconsideration of prevailing party status, attorney's fees, and costs.[9]

On remand the superior court concluded that our decision foreclosed any award of business damages on Alaska Laser Wash's claim and that the State was the prevailing party.  The superior court also concluded that Rule 72 does not apply to inverse condemnation cases when the landowner fails to establish a taking.  The State then sought an award of 50% of its attorney's fees under Rule 68(b)(2),[10] based on an

---

[3]     *Alaska Laser Wash,* 382 P.3d at 1145-48.

[4]     *Id*. at 1149.

[5]     *Id*. at 1149-50.

[6]     *Id*. at 1152.

[7]     *Id*.

[8]     *Id*.

[9]     *Id*. at 1152-53.

[10]     *See* Alaska R. Civ. P. 68(b)(2) (indicating that party rejecting offer of judgment will be liable for an increase in fees in the amount specified in AS 09.30.065); *see also* AS 09.30.065 (providing terms under which a party rejecting an offer of

(continued...)

offer of judgment that Alaska Laser Wash had not accepted. Alaska Laser Wash opposed, arguing that it was entitled to fees under Rule 72 and that the amount the State requested was excessive. The superior court awarded the fees requested.

Alaska Laser Wash appeals.

## III. STANDARD OF REVIEW

An award of attorney's fees is reviewed under the abuse of discretion standard.[11] However, whether the superior court applied the correct legal standard is a question of law that we review de novo, "adopting the rule of law . . . most persuasive in light of precedent, reason, and policy."[12]

## IV. DISCUSSION

Alaska Laser Wash argues that it is entitled to an attorney's fee award under Rule 72(k)(5) and that the superior court mistakenly applied Rule 68 to support an award to the State. Rule 68 allows an award based on reasonable actual attorney's fees if the offeror made a pretrial offer more favorable to the offeree than the judgment ultimately rendered.[13] Rule 72 provides specific rules for eminent domain cases, and Rule 72(k)(5) dictates that a defendant's costs and fees must be assessed against a plaintiff if "allowance of costs and attorney's fees appears necessary to achieve a just and adequate

---

[10]     (...continued)
judgment shall pay "50 percent of the offeror's reasonable actual attorney's fees").

[11]     *United Servs. Auto. Ass'n v. Pruitt ex rel. Pruitt*, 38 P.3d 528, 531 (Alaska 2001).

[12]     *ConocoPhillips Alaska, Inc. v. Williams Alaska Petroleum, Inc.*, 322 P.3d 114, 122 (Alaska 2014) (quoting *Russell ex rel. J.N. v. Virg–In*, 258 P.3d 795, 802 (Alaska 2011)).

[13]     Alaska R. Civ. P. 68(b).

compensation of the defendant."[14]  However, case law and the constitutional considerations underlying Rule 72 suggest that it should not apply when a landowner fails to establish a taking in an inverse condemnation case.

### A.   Alaska Civil Rule 72(k) And The Alaska Constitution

Article I, section 18 of the Alaska Constitution states that "[p]rivate property shall not be taken or damaged for public use without just compensation."[15]

This " 'just compensation principle requires full indemnification of the owner for property taken or damaged,' which in turn generally 'require[s] payment to a condemnee of necessary appraiser's and attorney's fees, and of interest from the date of taking to the date of payment.' "[16]  Accordingly, full attorney's fees under Rule 72 are the norm for a landowner who recovers an award for a government taking as long as the fees are "both reasonable and necessarily incurred to achieve just and adequate compensation."[17]

### B.   Prevailing Party Status And Just Compensation

Alaska case law clarifies the parameters of Rule 72.  *R & Y Inc. v. Municipality of Anchorage* involved an alleged regulatory taking in which the Municipality's enactment of a wetlands setback impacted the landowner's property.[18]

---

[14]     Alaska R. Civ. P. 72(k)(5).

[15]     Alaska Const. art. I, § 18.

[16]     *Keeton v. State, Dep't of Transp. & Pub. Facilities*, 441 P.3d 933, 939 (Alaska 2019) (alteration in original) (quoting *State v. Hammer*, 550 P.2d 820, 826-27 (Alaska 1976)).

[17]     *Res. Invs. v. State, Dep't. of Transp. & Pub. Facilities*, 687 P.2d 280, 285 (Alaska 1984).

[18]     34 P.3d 289, 290 (Alaska 2001).

In *R & Y* we held that "when a landowner does not prevail on an inverse condemnation claim" the landowner loses the protection of Rule 72.[19] We then remanded for an award of "prevailing party" attorney's fees under Rule 82.[20] Because the landowners in *R & Y* were unable to establish that there had been a taking, the Municipality was the prevailing party.[21] As the prevailing party, the Municipality was entitled to fees under Rule 82 after successfully defending itself against the inverse condemnation claim.[22]

Alaska Laser Wash argues that the context of the *R & Y* decision renders it irrelevant because the *R & Y* court applied a regulatory takings analysis, utilizing specific factors from *Anchorage v. Sandberg*.[23] But the attorney's fee rule announced in *R & Y* is not restricted to regulatory takings.

We recently cited *R & Y* in *City of Kenai v. Cook Inlet Natural Gas Storage Alaska, LLC*.[24] In that case we denied Rule 72 protection for the City's unsuccessful cross-claim against a third eminent domain respondent.[25] We clarified that Rule 72 creates an exception to "the general applicability of Rule 82" only for "cases involving

---

[19]     *Id.*

[20]     *Id.* at 301; *see* Alaska R. Civ. P. 82(a).

[21]     *R & Y*, 34 P.3d at 301.

[22]     *Id.*

[23]     861 P.2d 554 (Alaska 1993).

[24]     373 P.3d 473, 484-85 (Alaska 2016) ("In R & Y, . . . we concluded that the Municipality was entitled to Rule 82 attorney's fees . . . . Rule 72 does not supersede CIRI's right to Rule 82 attorney's fees because CIRI's successful defense of the City's claim to ownership . . . was 'unrelated to the eminent domain action.' " (footnote omitted) (quoting *Stewart v. State, Dep't of Trans. & Pub. Facilities*, 693 P.2d 827, 831 (Alaska 1984))).

[25]     *Id.* at 485.

'the condemnation of property under the power of eminent domain.' "[26] But, we stated, "the existence of a condemnation count does not mandate the application of Rule 72."[27] In *City of Kenai* the City was not afforded the protection of Rule 72 after its claim of ownership over the disputed resource failed, because the City's cross-claim regarding ownership was unrelated to the eminent domain action.[28]

Alaska Laser Wash argues that we dictated a different rule in *Williams v. City of Valdez*, where we stated that "a condemnor should not be allowed to recover attorney's fees in inverse condemnation cases."[29] But we distinguished *Williams* in *Stewart v. State, Department of Transportation & Public Facilities* by stating that "the mere fact that a party brings an inverse condemnation action does not mean there has been a taking."[30] Therefore "[i]f a court dismisse[s] an inverse condemnation complaint because there was no taking, the purported condemnor would be entitled to attorney's fees."[31]

We conclude that the *R & Y* rule and our holding in *Stewart* control in the present case. Alaska Laser Wash has not argued any persuasive reason we should apply a different rule when a government makes an offer of judgment to settle an unsuccessful

---

[26]    *Id.* at 484 (quoting *R & Y,* 34 P.3d at 301).

[27]    *Id.*

[28]    *Id.* at 485.

[29]    603 P.2d 483, 493 (Alaska 1979).

[30]    693 P.2d 827, 831 n.3 (Alaska 1984).

[31]    *Id.*

inverse condemnation claim for lost business profits.[32]  Our decision that Alaska Laser

Wash could not recover on its inverse condemnation claim meant that there was no

compensable taking.[33]  When a landowner fails to establish a taking in an inverse

condemnation case, attorney's fees are awarded under Rules 68 or 82.  Accordingly we

affirm the superior court's award of attorney's fees under Rule 68.

## V.    CONCLUSION

The superior court's judgment is AFFIRMED.

---

[32]    In the present case, we apply the *R & Y* rule after the landowner failed to establish any compensable interest.  We do not address whether Rule 68 should apply over Rule 72 when a landowner makes an affirmative recovery that is less than the government's offer of judgment.

[33]    Alaska Laser Wash also argues that "prevailing party status is unimportant when a rule change results in the denial of compensation."  In support, Alaska Laser Wash quotes a footnote from *State, Department of Highways v. Salzwedel*, 596 P.2d 17 (Alaska 1979).  In *Salzwedel*, explaining why the trial court erred in awarding the condemnees attorney's fees and court costs, we stated:  "We would have a different situation if the Salzwedels' claim involved an issue we had not decided and one about which other jurisdictions were divided."  *Id.* at 21 n.14.  However, jurisdictions are not strongly divided on the relocation requirement for business damages; in our 2016 Alaska Laser Wash decision, we referenced a leading treatise on eminent domain:  "In jurisdictions permitting compensation for loss of goodwill, it is generally required that the business owner show relocation to be impossible or at least impracticable."  *State, Dep't of Transp. & Pub. Facilities v. Alaska Laser Wash, Inc.*, 382 P.3d 1143, 1150 (Alaska 2016) (quoting JULIUS L. SACKMAN ET AL., 8A NICHOLS ON EMINENT DOMAIN § G29.03[3][b] (3d ed. 1964)).