## TALBERT *v.* UNITED STATES.

## UNITED STATES *v.* TALBERT.

APPEALS FROM THE COURT OF CLAIMS.

Nos. 24, 25. Argued and submitted October 11, 12, 1894. — Decided October 15, 1894.

A finding of fact by the Court of Claims, where there is nothing in the other findings or elsewhere in the record which authorizes this court to go behind that finding and conclude that there was error in respect thereof, will not be reviewed here.

THE two causes were argued together. The case is stated in the opinion.

*Mr. S. S. Henkle* for Talbert in both cases.

*Mr. Assistant Attorney General Conrad* for the United States.

The court declined to hear him in No. 24, and in No. 25 he submitted on his brief.

THE CHIEF JUSTICE: This was a suit brought in the Court of Claims under an act of Congress entitled "An act for the relief of William Talbert," approved June 30, 1886, and reading as follows: "That the claim of William Talbert, of Montgomery County, Maryland, for the use by the government of his patented improvement for marine railways be, and the same is hereby, referred to the Court of Claims, with authority to take jurisdiction thereof, and to award judgment thereon, as the merits of the case may demand, according to its value to the government during the existence of such patent." 24 Stat. 822, c. 591.

The court filed findings of fact and a conclusion of law; rendered an opinion, reported in 25 C. Cl. 141; and gave judgment in claimant's favor for $6564.30, from which both parties appealed, but argument is waived by the government on its cross-appeal. Among the findings of fact was the following: "VIII. The value to the government of plaintiff's patented improvement for marine railways during the existence of his patent was $6564.30, being 2 per cent upon the amount earned by the railway cradle as improved during said period." On this appeal only questions of law can be reviewed, and none such are presented for our consideration. The contention is that the sum awarded was far less than it should have been. But the eighth finding was one of fact, and there is nothing in the other findings or elsewhere in the record which authorizes us to go behind that finding and conclude that there was error in respect thereof.

*Judgment affirmed.*