## KEOKUK & HAMILTON BRIDGE COMPANY *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 58. Argued October 13, 1922.—Decided November 13, 1922.

1  The Court will not reëxamine the findings of fact made by the Court of Claims upon evidence.  P. 126.

2. An unintentional injury to a bridge pier in the making of navigation improvements by the Government, *held* at most in the nature of a tort, and not a taking of property by the United States for which damages might be recovered on the theory of contract. P. 126.

55 Ct. Clms. 480, affirmed.

APPEAL from a judgment of the Court of Claims dismissing the petition in an action to recover the value of a pier, alleged to have been destroyed, and hence taken, by the act of the United States.

*Mr. F. T. Hughes,* for appellant, submitted.

*Mr. Solicitor General Beck* for the United States.

Mr. Justice Holmes delivered the opinion of the Court.

The appellant had an authorized bridge across the Mississippi River with a pivot pier and draw to permit the passage of vessels. As a necessary incident it maintained what is called a protection pier extending down stream. In consequence of later authorized constructions it became necessary to deepen the channel on the easterly side of the pier, and the part of this work with which we are concerned was done by the United States. The bed of the stream by the side of the pier was solid rock and into this the United States drilled and blasted it with dynamite. The work was done in the usual way and with more than ordinary care; but by the action of the water driven upon the pier by the blasts, and possibly by the concussion of the blasts themselves, portions of the pier fell into the river, and some damage was inflicted. It could have been repaired for $1,000. The Company however rebuilt the bridge to fit it for heavier traffic, and brought this suit alleging that the pier was destroyed and in that way taken by the United States.

An appreciable part of the claimant's argument consists in an attempt to reopen the findings of fact and to maintain that the pier was destroyed, as giving more force to the contention that it was taken. This, of course, is vain. *Union Pacific Ry. Co.* v. *United States,* 116 U. S. 154. *Talbert* v. *United States,* 155 U. S. 45. We must assume, as we have stated from the findings of the Court of Claims, that the pier was not destroyed but simply was damaged in a way that could have been repaired for a moderate sum. However small the damage, it may be true that deliberate action in some cases might generate the same claim as other forms of deliberate withdrawal of property from the admitted owner. *United States* v.

*Cress,* 243 U. S. 316, 329. But without considering how the line would be drawn, when such action took place in the improvement of navigation, it is enough to say that this is an ordinary case of incidental damage which if inflicted by a private individual might be a tort but which could be nothing else. In such cases there is no remedy against the United States. See *Bedford* v. *United States,* 192 U. S. 217, 224.

<div align="right">

*Judgment affirmed.*