(97 South. 266)

No. 25945.

**TURNER, Tax Collector, v. LUTCHER & MOORE LUMBER CO.**

(June 30, 1923.)

*(Syllabus by Editorial Staff.)*

Commerce ☞63—Severance tax as applied to one cutting timber and selling lumber in interstate and foreign commerce held valid.

Act No. 31 of 1920, levying license on business of severing natural resources from the soil, is not void as imposing tax on interstate and foreign commerce as applied to one cutting timber on his own land, manufacturing it into lumber, and selling and transporting it to other states and foreign countries.

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

Action by D. F. Turner, Tax Collector, against the Lutcher & Moore Lumber Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Pujo & Bell, of Lake Charles, and C. E. Hardin, of Leesville, for appellant.

A. V. Coco, Atty. Gen., and P. L. Ferguson, of Leesville (Harry P. Sneed, of New Orleans, of counsel), for appellee.

ST. PAUL, J. This is an action to collect a license from defendant under Act 31 of 1920, levying a license upon all persons engaged in the business of "severing natural resources from the soil or water; including all forms of timber, turpentine and other forest products."

Defendant is engaged in the business of cutting timber from its own lands in Vernon parish; the logs being put at once on its own tramways, by which they are taken to the Sabine river and thence by barge to its own mills at Orange, Tex., at which place it is manufactured into lumber and thence sold and transported to other states and foreign countries.

The contention of the defendant is that such a license is, as to them, a tax on interstate and foreign commerce, and hence void.

Defendant relies on Champlain Realty Co. v. Town of Brattleboro, 260 U. S. 366, 43 Sup. Ct. 146, 67 L. Ed. 165. But that case is not apposite. There the town attempted to lay a property tax, as upon property within its jurisdiction, on certain cordwood actually moving from a point in Vermont above the town of Brattleboro, to Hinsdale in the state of New Hampshire, but detained temporarily at Brattleboro on account of the conditions (ice and high water) in the river down which

it was being floated to destination. The Supreme Court held that such a tax was a tax on interstate commerce, saying:

"The interstate commerce clause of the Constitution does not give immunity to movable property from local taxation which is not discriminative unless it is in actual continuous transit in interstate commerce. When it is shipped by a common carrier from one state to another, in the course of such an uninterrupted journey it is clearly immune. The doubt arises when there are interruptions on the journey, and when the property in its transportation is under the complete control of the owner during the passage. If the interruptions are only to promote the safe and convenient transit, then the continuity of the interstate trip is not broken."

In the case before us we are not dealing with a tax laid upon property already launched in interstate commerce. The license is laid upon the act of severing the trees from the soil and accrues immediately the tree is cut; and hence before the log enters interstate commerce, for the tree must be cut before transportation can begin. So that the tax has already accrued before interstate commerce begins.

A case more directly in point, in fact on all fours with, and conclusive of, this case is the still later case of Oliver Iron Mining Co. v. Lord, et al., 43 Sup. Ct. 526, 67 L. Ed. 573, wherein the court held (as headlined in L. Ed.):

"The mining of iron ore is not interstate commerce so as to be free from local taxation, although practically all the product of the mine is immediately shipped out of the state on cars which are run to the mines and loaded from pockets into which underground ore has been elevated, or by steam shovels directly from the open pits."

And again:

"A tax laid upon the business of mining iron ore is not an invalid interference with interstate commerce, although the ore severed is loaded immediately upon cars to be shipped out of the state."

We think the holding in that case decisive of the case at bar.

Decree.

The judgment appealed from is therefore affirmed.