Booth, Judge,
delivered the opinion of the court:
This case may not involve a prolonged discussion. The findings disclose the transaction in detail. The Army during the war needed especially a practicable type of tripod for use in connection with machine guns. The plaintiff first designated a type which, after actual test, met the requirements of the service, and 300 of this type were manufactured, delivered to, and paid for by the defendant. They were used by the Marine Corps, and covered by letters patent #1,320702. During the course of fulfilling the contract for the Marine Corps tripods the plaintiff delivered an improved type of tripod, which was submitted to the Ordnance Department for adoption, and this design was likewise put through actual tests and, in fact, along with the other, sent to France, where it met with the approval of General Pershing. Thereafter, as the findings show, repeated conferences between the proper and authorized officers of the Army and the plaintiff resulted in an understanding and agreement that this type of tripod should be manufactured by the New Britain Machine Co., of New Britain, Conn., under the personal supervision of and in accord with blue prints and specifications designed and furnished by the plaintiff. At the time there was a clear and fair understanding between the parties that the plaintiff was not doing this for nothing, but was to receive compensation if the tripod was patentable. The tripod was patentable, as evidenced by letters patent #1331116, issued on February 17, 1920.
The defendant contests the plaintiff’s right to recover under the theory that the allegations of the petition make out a case of infringement, and having preferred a case of this character is precluded from relying upon a contract for user. The petition in this case does not fall within the rule. *849 The facts as alleged predicate no right of recovery as for infringement; on the contrary, an implied contract is relied upon, and manifestly the gravamen of the complaint, as thus alleged, excludes the idea of infringement. See also the following cases: United States v. Burns, 12 Wall. 246-254; Clark v. United States, 95 U. S. 539-543; United States v. Behan, 110 U. S. 339-341; Wisconsin Central R. R. v. United States, 164 U. S. 190; Huse v. United States, 222 U. S. 496.
If the facts as alleged bring the case within the long line of authorities respecting the right of recovery as upon an implied contract, we would not be warranted in dismissing the petition because in the statement of the case the amount of compensation claimed is for the use of a patented device upon substantially the same basis as in cases of infringement. We do not mean by this assertion to establish the rule of damages in infringement cases as applicable here. The case falls within the decision of this court in Talbert v. United States, 25 C. Cls. 141; 155 U. S. 45. It is clearly not an infringement case. The extent of recovery is limited to reasonable compensation for the services rendered in securing to the defendant a device such as the one involved and for which the defendant obligated itself to pay. Crozier v. Krupp, 224 U. S. 290, 304; McKeever v. United States, 14 C. Cls. 396; affirmed 18 C. Cls. 751; Hartman v. United States, 35 C. Cls. 106-109.
The defendant interposes other contentions. We think they are disposed of in Solomons v. United States, 137 U. S. 342; Harley v. United States, 198 U. S. 229; National Electric Signaling Co. v. United States, ante, p. 338. The courts uniformly recognize the rule that where one is employed and paid for developing a patentable device, and he accomplishes the task during the course of such employment, when his time is the time of the employer, he may not claim title thereto adversely to his employer. As a matter of fact the controversy, does not arise here. The employee perfecting the device and obtaining letters patent recognizes title in the plaintiff.
*850 The case, pursuant to the stipulations of counsel, will be remanded to the general docket for proof in accord with this opinion. It is so ordered.
Hat, Judge; DoayNet, Judge, and Camebell, Chief Justice, concur.
Geaham, Judge, took no part in the decision of this case.