606 So.2d 937 (1992)
Barbara Theriot OBERMIER, Plaintiff-Appellant,
v.
STATE of Louisiana, Defendant-Appellee.
No. 91-376.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1992.
Writ Denied December 21, 1992.
*938 Curtis, Tilly, Robideaux & Lambert, Jason Robideaux, Lafayette, for plaintiff-appellant.
Shelton & Legendre, Thomas R. Shelton, Lafayette, for defendant-appelleeStansbury.
A. Maurice Haynes, Baton Rouge, for defendant-appelleeState.
Before DOMENGEAUX, C.J., and COREIL[*] and PATIN *, JJ. Pro Tem.
JOHN A. PATIN, Judge Pro Tem.
This is an appeal from a judgment maintaining an exception of no cause of action. Plaintiff-appellant, Barbara Obermier, brought suit against the State of Louisiana for damages allegedly suffered when access to property, in which she had partial ownership, was restricted during a criminal investigation conducted by J. Nathan Stansbury, District Attorney for the Fifteenth Judicial District.
Following a hearing the exception filed by the State was granted by the trial court. Plaintiff appealed devolutively, asserting the following assignment of error:
1) the district court erred in sustaining the exception of no cause of action as the pleadings represent a viable legal claim.
In April of 1985 a murder took place in a building in Lafayette parish. The victim was the mother of appellant. J. Nathan Stansbury, acting in his capacity as District Attorney of the Fifteenth Judicial District, took possession of the building for purposes of conducting an investigation, forbidding all but authorized personnel from entering.
The property was allegedly kept under lock and guard by Stansbury from March of 1986 until April of 1988. Appellant contends that even the property owners were forbidden from entering the property.
Claiming a one-fourth (1/4) ownership in the property, appellant brought suit in July of 1990 against the State of Louisiana for an alleged "expropriation" of the property without just compensation, citing Art. 1 § 4 of the Louisiana Constitution of 1974. She further alleged physical damage was done to the property during the same time period, for which she should also be compensated.
*939 The State through the Louisiana Department of Justice's Division of Risk Litigation filed a peremptory exception of no cause of action. Its basis was that Louisiana law specifically does not permit a claim against the state for damages allegedly caused by a district attorney.
The exception was heard on November 5, 1990 and was sustained by the trial court. Judgment was signed December 20, 1990.
Appellant asserts on appeal that she correctly stated a cause of action. She claims the district attorney was acting as a representative of the state and his actions constituted a taking under Art. 1 § 4 of the Louisiana Constitution.
The State, in support of its exception, relies on La.R.S. 42:1441:
A. The State of Louisiana shall not be liable for any damage caused by a district attorney ... within the course and scope of his official duties, or damage caused by an employee of a district attorney ...
The State asserts the suit should have been brought solely against the district attorney, as the cause of action is strictly for damages caused by his acts in the course and scope of his official duty, and in no way constituted a taking.
If a party is seeking recovery for damages against a district attorney of the state of Louisiana, the path of recourse does not lead to the state. The statute mandates that the state shall not be liable for any damages caused by the district attorney. Thus it is essential that appellant allege facts sufficient in her pleadings to overcome the prohibition of La.R.S. 42:1441.
Appellant contends she never plead that the acts of the district attorney were negligent, rather that he was acting in his official capacity as an officer of the state and in doing so effected a seizure which was an expropriation. It is her contention expropriation does not fall under the language of the statute and thus her cause of action is viable.
In reviewing an exception of no cause of action this court must consider the pleadings of fact in the petition and determine whether a remedy may be obtained in light of these allegations under any possible theory of recovery. See Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983); Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984). Likewise, an exception of no cause of action must not be sustained unless there is no cause of action under any evidence admissible under the pleadings. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
The theory of recovery advanced by appellant is clear. She alleged that the actions of District Attorney Stansbury were not negligent but rather necessary under the circumstances of a murder investigation. She further plead that the investigation deprived her of the use and enjoyment of the property which amounted to a taking.
Art. 1 § 4 of the Louisiana Constitution provides in part that "[p]roperty shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner."
In Angelle v. State, 212 La. 1069, 34 So.2d 321 (1948), the Louisiana Supreme Court was faced with a question similar to the one before us. The plaintiffs sued the state for the value of a crop destroyed by a fire inadvertently started by employees of the Louisiana Department of Agriculture while they were spraying crops for insects. Plaintiffs argued that the Department of Agriculture was participating in a program for the purpose of eradicating the sweet potato weevil and as such was serving a public purpose. They further argued that the resulting damage from the fire amounted to an appropriation under Art. 1 § 2 of the Constitution of 1921.
The court in Angelle, in reversing a trial court finding for plaintiffs, distinguished between agents destroying and damaging private property while performing a governmental function, which is not an appropriation, and the "deliberate taking or necessary damaging of property for the public use or benefit." This distinction is applicable to the present case.
*940 While the district attorney represents the public, his actions in the present case do not constitute a taking for public use or benefit. He never intended to gain title to the property, nor did he intend that it be used for any purpose other than for the investigation of a crime. Consider the consequences of holding the district attorney liable for compensation for property seized pursuant to an investigation. All evidence directly related to a criminal investigation would essentially have to be "rented" while in the control of the investigative body and out of the possession of the owner. This is not a result intended by the Constitution.
While appellant has taken a clever approach in pleading the case, nevertheless this is still a suit for tortious damages. As such under La.R.S. 42:1441 the State is not liable. As Justice Holmes stated in Keokuk & Hamilton Bridge Co. v. United States, 260 U.S. 125, 127, 43 S.Ct. 37, 38, 67 L.Ed. 165, in finding the United States immune from suit in a particular claim:
[I]t is enough to say that this is an ordinary case of incidental damage which if inflicted by a private individual might be a tort but which could be nothing else.
We find that the pleadings do not state a cause of action for which recovery may be granted. Accordingly we affirm the findings of the trial court. Costs of this appeal are assessed to appellant.
AFFIRMED.
NOTES
[*] Judges Joseph E. Coreil and John A. Patin, retired, participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.