| ]YELVERTON, Judge.
Farm Credit Bank of Texas instituted ex-ecutory proceedings on four tracts of land on *750 which it had a first mortgage. At the Sheriffs Sale on January 12, 1994, Tracts One and Three were purchased by Carol Ay-mond; Steve Rabalais bought Tract Two; and the seizing creditor, Farm Credit Bank of Texas, bought Tract Four. Carol Aymond filed a petition for writ of mandamus and/or quo warranto to have the Sheriff of Avoyelles Parish re-offer the two tracts that he did not buy. He complains that the sale of those two tracts was null because payment was not made immediately and in cash pursuant to the advertised and stated terms of the sale. Rabalais paid in less than 30 days. The seizing creditor never paid anything but did not have to. Farm Credit Bank, the|2seizing creditor, intervened in the action asking that the sale be declared valid. It also filed exceptions of no right of action, nonjoinder of an indispensable party, and no cause of action.
Applying La.R.S. 13:4360, the trial court found that Aymond has no right of action to bring an action for resale. We affirm.
La.R.S. 13:4360 provides as follows:
A. If the terms of the sale provide for the full payment of the adjudication price at the moment of the adjudication, or if the terms provide for a deposit, and the purchaser fails to make such full payment or deposit, the seizing creditor may direct the officer conducting the sale either to re-offer the property immediately, or re-advertise the property for sale as provided in Sub-section C of this Section. If the property is re-offered for sale immediately, the first purchaser is relieved of any liability.
B. If the purchaser makes the deposit required by the terms of the sale, and fails to pay the entire purchase price within thirty days after the adjudication, on demand of any interested party the officer conducting the sale shall re-advertise the property for sale as provided in Sub-section C of this Section.
C. When the property is re-advertised, it shall be in the manner required by law for the advertisement of the original sale, and the second sale is at the risk and for the account of the first purchaser. Should there be a loss because of the second sale, the first purchaser is liable for such loss; but should the property bring a higher price at the second sale, the first purchaser has no right to the increase.
The first purchaser may not bid at a second sale.
Since no deposit was required, § A is applicable to the present case which applies to sales providing for full payment or a deposit. Pursuant to § A, only the seizing creditor can direct the Sheriff to re-offer the property when the purchaser fails to make full payment. First Nat. Bank of Commerce v. Watergate, Inc., 343 So.2d 360 (La.App. 4th Cir.) writ denied 345 So.2d 55 (La.1977). Aymond had no right to demand a resale and the trial court was correct in sustaining Farm Credit Bank’s exception of no right of action.
Aymond also raises issues of fraud and ill practices at the sale which were not raised in the trial court below. We will not consider these issues. Aymond’s only claim in the trial court was that the terms and conditions of the sale were not followed. This court does not review issues which were not submitted to the trial court. Rule 1-3, Uniform Rules, Courts of Appeal.
For these reasons the judgment of the trial court granting Farm Credit Bank of Texas’ exception of no right of action is affirmed. Costs of this appeal are assessed to Carol Aymond.
AFFIRMED.