hYELVERTON, Judge.
This appeal was taken by the plaintiff, Carol Aymond, from the trial court’s dismissal of a suit he had filed against the defendant, Stephan J. Rabalais, on an exception of no cause of action. In the dismissed petition Aymond alleged that Rabalais caused him a loss by bidding at a sherifPs sale beyond the limit of Rabalais’ ability to pay, making the price Aymond paid as the successful bidder more than it should have been. We affirm.
^BACKGROUND FACTS
On January 12, 1994, the Avoyelles Parish SherifPs Department held a sherifPs sale in Marksville, Louisiana, to auction off seized property. We have previously decided an appeal in other litigation arising from that sheriff s sale. Farm Credit Bank of Texas v. Lemoine, 94-776 (La.App. 3 Cir. 12/7/94) 649 So.2d 749. The property seized and offered for sale in that suit consisted of four tracts of land. We are here concerned only with Tracts 1 and 2. Tract 1 contained 163 acres *166 of land and Tract 2 contained 136.6 acres of land. The terms of the sale were made known to prospective bidders prior to and at the time of sale by officials of the sheriffs office. These terms required payment in cash at the time of the sale or payment by cheek if accompanied by a supporting letter of credit from a bank. Aymond attended the sale with a letter of credit attesting that he could issue checks in an aggregate amount of $500,000. Rabalais’ letter of credit stated that he could purchase a 163 acre tract of land for up to $228,000. Aymond and Raba-lais both bid on Tract 1. The successful bidder was Aymond, who purchased the property for an unstated amount of money. Rabalais was the successful bidder on Tract 2.
PRESENT PETITION
On February 14, 1994, Aymond filed the present suit against Rabalais alleging that he was liable to Aymond for damages he suffered at that sheriffs sale. Aymond claimed that the sheriff told the bidders that the terms of the sale were to be cash at the time of the sale or a letter of credit. The petition alleged that Aymond intended to purchase property at the sale and had in his possession a letter of credit valued up to $500,000. It also alleged that Rabalais intended to bid on the property | goffered at auction and had a letter of credit entitling him to bid up to $228,000 on a 163 acre tract of land. Ay-mond alleged that Rabalais bid above and beyond the $228,000 limit allowed by his letter of credit on Tract 1. Aymond further alleged that other bidders were turned away prior to and during the bidding process, when it was discovered that they would be unable to execute their purchase for cash on the same day of the sale.
In Article X of his petition, Aymond specifically alleges:
As a direct and proximate result of the afore described actions taken by defendant, your petitioner CAROL J. AY-MOND, JR., was unwittingly compelled to bid against a nonqualified bidder, and although bidding was voluntary, compelled to bid higher against unauthorized bids by defendant, and petitioner suffered expenses, damages, and financial injuries as a result.
To this petition Rabalais filed a peremptory exception of no cause of action. After a hearing, the trial court granted it, holding that a successful bidder at a sheriff’s sale has no action in tort against another bidder. After reviewing Aymond’s petition, we find that the judgment of the trial court was correct in finding that Aymond has failed to state a cause of action under the facts pled.
OPINION
In White v. White, 93-1389 (La.App. 3 Cir.); 641 So.2d 538, 541, writ denied, 94-2456 (La.1994), 648 So.2d 402, this court stated:
The peremptory exception of no cause of action attacks the legal sufficiency of the petition. All well-pleaded allegations of fact are accepted as true and correct for purposes of its determination. All doubts are resolved in favor of sufficiency of the petition. La.C.C.P. art. 931; Owens v. Martin, 449 So.2d 448 (La.1984); State, DOTD v. Estate of Payne, 586 So.2d 737 (La.App. 3 Cir.1991). Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. La. C.C.P. art. 865; Kuebler v. Martin, 578 So.2d 113 (La.1991). In Owens, supra, the Supreme Court, quoting from its decision in Trahan v. Liberty Mutual Insurance 14Co., 314 So.2d 350, 353 (La.1975), defined a cause of action as “the state of facts which gives a party a right to judicially assert an action.” No evidence may be introduced by either party to support or to controvert the objection of no cause of action. La.C.C.P. art. 931; Ward v. Ten-neco Oil Co., 564 So.2d 814 (La.App. 3 Cir.1990). In reviewing exceptions of no cause of action, this court must consider pleadings of fact in the petition and determine whether a remedy may be obtained in light of the allegations under any possible theory of recovery. Obermier v. State, 606 So.2d 937 (La.App. 3 Cir.), writ denied, 609 So.2d 257 (1992). For purposes of ruling on an exception of no cause of action, the court must sustain the exception *167 only if the law affords no remedy under any evidence admissible under the pleadings. Bellah v. State Farm Fire & Casualty Ins., 546 So.2d 601 (La.App. 3 Cir. 1989).
We note at the outset that we can consider the facts in Farm Credit Bank of Texas v. Lemoine, 94-776, (La.App. 3 Cir. 12/7/94); 649 So.2d 749, in testing the sufficiency of this petition, because it is the law of this case. Bums v. Sabine River Authority, 614 So.2d 1337 (La.App. 3 Cir.) writ denied, 617 So.2d 935 (La.1993).
Rabalais bought Tract 2 at the sheriffs sale. He was a good faith bidder. Ay-mond has judicially admitted that the bidding was voluntary, which is a fact he could hardly deny, since he was willing to purchase the property for the amount of his final bid. Aymond claimed that Rabalais was a “non-qualified bidder” who made “unauthorized bids.” The law does not restrict any person from bidding at a judicial sale. Even the judgment debtor and the seizing creditor may bid for property judicially ordered sold. La.Code Civ.P. art. 2339.
Aymond has nowhere alleged that Rabalais was a “puffer.” In 7A C.J.S. Auctions & Auctioneers § 15, there is a discussion of “puffing,” and the following appears:
A puffer, in the strictest meaning of the word, is a person who, without having any intention to purchase, is employed by the seller at an auction to raise the price by fictitious bids, thereby increasing competition among the bidders, while he himself is secured from risk by a secret understanding with the seller that he shall not be bound by his bids; ....
and
IsOne who bids at a public sale not because of any desire to purchase, but merely for the purpose, either in his own interest or that of another, of running up the price, is not a puffer if, in case his bid is the last and highest, he can be compelled to take and pay for the property.
In this instance, Rabalais was not alleged to have puffed up the price bid on the tracts of property. It was alleged only that he was “unauthorized” to bid and “unqualified” ae-cording to the sheriffs ground rules for bidding. There was no allegation that, had he been the high bidder on Tract 1, he would not have paid for the property. He was the high bidder on Tract 2, and he paid for that.
We do not comment on whether the sheriff had authority, beyond the provisions of La. R.S. 13:4360, to impose restrictions on the qualifications of bidders. However, if Raba-lais owed anyone a duty to have security in the form of a letter of credit to back up his bid, the duty was owed to the sheriff, not to Aymond. Further, the absence of security on these facts was not the cause-in-fact of Aymond’s “damages.” Rabalais paid for the property as to which he was the successful bidder, and did not have to pay for the property he did not buy. So the absence of a letter of credit in Rabalais’ pocket was not the cause-in-fact of Aymond’s purchase at whatever price he bid. If Aymond paid more than he needed to, it was because when he gave his bid, that was what he was willing to pay.
There is no need to remand to allow amendment of the petition. Aymond cannot plead a cause of action without changing completely the substantive facts as presently pleaded and as found by this court in the final judgment rendered in Farm Credit Bank of Texas v. Lemoine, 94-776, (La.App. 3 Cir.1994, 12/7/94); 649 So.2d 749.
1 (¡CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court granting Raba-lais’ exception of no cause of action. Costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.